SMITH v. MERIDEN BRITANNIA CO.

(Circuit Court, D. Connecticut. February 20, 1899.)

No. 982.

1. DESIGN PATENTS—PRELIMINARY INJUNCTION—PUBLIC ACQUIESCENCE.
   The rule that public acquiescence must be shown when the patent sued on has not been adjudicated applies to the case of design patents as well as machine and other patents.

2. SAME—DESIGN FOR VESSEL.
   A preliminary injunction against infringement of patent No. 29,571 for a design for a vessel denied, in the absence of any prior adjudication, or of proof of public acquiescence.

This was a suit in equity by Frank W. Smith against the Meriden Britannia Company for alleged infringement of a patent for a design for a vessel. The cause was heard on a motion for a preliminary injunction.

William Maynadier, for complainant.

Mitchell, Bartlett & Brownell and George A. Fay, for defendant.

TOWNSEND, District Judge. On January 3, 1898, complainant applied for, and on November 1, 1898, received, the patent in suit (No. 29,571), for a design for a vessel. The elements thereof claimed to be new and material were modified forms of what is known as the old "panel" or "colonial flute" design, ornamented by a scroll of elongated beads, constituting what is known as a "Rococo" border. The panels are in two double sets; the larger set being united near the middle of said vessel, and so disposed as to form the body thereof, while the smaller set furnishes a flaring base. Each of said panels curves inwardly, except possibly the lower panel of the base. The whole design is graceful in outline and harmonious in proportions. It appears from complainant's affidavits that he is a manufacturer of solid-silver ware; that he produced this design, and commenced the manufacture of vessels embodying the same in December, 1896, and offered them for sale in January, 1897; that he has been put to great expense in making said articles; that the defendant has manufactured plated ware which is practically identical in design with the drawings of the patent in suit; that this plated ware was extensively advertised by defendant in December, 1898, and is now on sale at various retail stores; that, inasmuch as it is practically impossible to sell this class of solid-silver goods when the same design is made in plated ware, the complainant will suffer irreparable loss, unless he can obtain the relief of a temporary injunction.

The vessels manufactured by defendant infringe complainant's patent. It appears from its affidavits that it commenced their manufacture about March 1, 1897, and their sale shortly thereafter; that it never had any notice of complainant's claim of right until Novem-

ber 5, 1898; that the validity of said patent has never been adjudicated or acquiesced in; that defendant made and publicly sold various articles resembling in pattern the patented design long before the date of said patent, and that there is nothing possibly new in the design of the patented vessel, except the base; that the base so resembles, in general outline and design, various covers old in the art, as to be substantially a reproduction thereof; that "it is common practice for * * * manufacturers generally to transport the essential features of the body of a vessel to its base"; and that the base of the patented vessel thus represents the double fluted panels of its body. It is inexpedient to discuss the question of patentable novelty on this motion. The foregoing evidence, fortified by the exhibits, raises a serious doubt as to validity, and therefore a preliminary injunction should not be granted. Apart, however, from the consideration of this point, there are other matters which are decisive of the present issue.

The patent in suit issued November 1, 1898, 3½ months ago. The bill was filed December 20, 1898. There has therefore been no opportunity for adjudication or acquiescence. Counsel for complainant attempts to meet this condition by the following quotation from Fenton (Laws of Patents for Design, p. 178):

"As designs differ from mechanical invention in being generally subjects of evanescent fancy, rather than of lasting utility, * * * the general requirement that the validity of the patent should have been acquiesced in by the public, or been judicially sustained, before granting a preliminary injunction in a clear case of infringement, should be very much relaxed in such cases, to prevent injustice."

In support of this contention the author cites Foster v. Crossin, 23 Fed. 400, and Margot v. Schnetzer, 15 Fed. 118. The opinion of Judge Carpenter in Foster v. Crossin is merely to the effect that while the production of the patent alone does not raise a presumption sufficient to justify a preliminary injunction, and while the most satisfactory basis therefor will be found in an adjudication, or in long, uninterrupted use, he is "not prepared to say that the presumption can arise in no other way." In the Schnetzer Case it does not appear that the question of adjudication or acquiescence was raised. The defendants admitted infringement, and were ready to refrain from further infringement. Furthermore, in Dickerson v. Machine Co., 35 Fed. 144, Judge Lacombe refers to the view suggested in Foster v. Crossin, and states the general rule in this circuit to be that, where there has been no decision on the patent by a United States court on the merits, the party is driven to show that his patent went into use undisputed for a sufficient time to raise a prima facie case in his favor. That this is now the general rule in other circuits, see Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718, and cases cited in Palmer Pneumatic Tire Co. v. Newton Rubber Works, 73 Fed. 219. In Williams v. Manufacturing Co., 23 C. C. A. 171, 77 Fed. 287, where it was urged, on motion for preliminary injunction against infringement of a patent for a bicycle lamp, that the articles so change from year to year that, unless the injunction was granted, the lamp would be useless, the court held that this reason would not justify it in departing from the settled rules in chancery, and refused the writ,

and further expressed doubt whether there could be public acquiescence in four months. Furthermore, it appears that defendant is a large manufacturer, engaged in an extensive business, and abundantly able to respond in damages in the event of a final decree in favor of complainant. In these circumstances, the motion must be denied. It is not to be understood, however, that in denying the motion any opinion is indicated or expressed upon the question of patentable novelty.