## CONSOLIDATED FASTENER CO. v. AMERICAN FASTENER CO.

(Circuit Court, N. D. New York. May 21, 1899.)

No. 6,713.

1. PATENTS—PRELIMINARY INJUNCTION—PUBLIC ACQUIESCENCE.
    To take the place of an adjudication, public acquiescence must be long continued, under such circumstances as to induce the belief that infringements would have occurred but for the fact that a settled conviction existed in the minds of manufacturers, vendors, and users that the patent was valid, and must be respected. A patent which is not molested simply because it is for no one's interest to infringe is not "acquiesced" in, within the legal acceptation of that term.

2. SAME—PROOF OF INFRINGEMENT.
    To obtain a preliminary injunction, the complainant must, on the question of infringement, satisfy the court beyond a reasonable doubt.

3. SAME.
    The Mead patent, No. 437,161, for a garment fastener, considered, and a preliminary injunction denied, because the proofs left the question of infringement in doubt.

This was a suit in equity by the Consolidated Fastener Company against the American Fastener Company for alleged infringement of a patent. The cause was heard on a motion for preliminary injunction.

John R. Bennett and Odin B. Roberts, for complainant.
W. H. Kenyon, for defendant.

COXE, District Judge. This is a motion for a preliminary injunction seeking to restrain the infringement of the first claim of letters patent No. 437,161, granted to Albert G. Mead, September 23, 1890, and now owned by the complainant.

The patent has never been adjudicated. There has been no general acquiescence. Infringement is stoutly denied. Where these conditions concur the rule is well nigh universal that a preliminary injunction should not issue. Smith v. Meriden Britannia Co., 92 Fed. 1003, and cases cited.

In order to take the place of an adjudication acquiescence must be long continued in such circumstances as to induce the belief that infringements would have occurred, but for the fact that a settled conviction existed in the minds of manufacturers, vendors and users that the patent was valid and must be respected. A patent which is not molested simply because it is for no one's interest to infringe is not "acquiesced" in within the legal acceptation of that term.

It is true that the Mead patent has been in existence since September, 1890, and has not been infringed; but on the other hand it is asserted, and not contradicted, that neither Mead nor the complainant ever made and put upon the market a fastener em-

bodying the device covered by the first claim. It never went into commercial use.

Upon the question of infringement the complainant must, in order to obtain the summary relief demanded, satisfy the court beyond a reasonable doubt.

The claim covers "a female member made in two parts" and it is conceded that if the claim be strictly construed and limited to two parts, the defendant does not infringe, for the reason that more than two parts are actually assembled in the construction of its button-hole member.

That the claim is susceptible of the construction contended for by the defendant cannot be denied. It is enough for the present motion that the court entertains doubt as to the propriety of the complainant's contention. For manifest reasons the court should not at this stage of the litigation extend the discussion beyond the point necessary for the decision of the motion in hand.

The motion must be denied.