## BROWN v. ZAUBITZ.

(Circuit Court, S. D. New York. December 10, 1900.)

1. PATENTS—PRIOR USE—EVIDENCE.
   The defense of prior use, to defeat a patent, must be established beyond a reasonable doubt; and oral testimony, unsupported by patents or exhibits, which is contrary to the probabilities, under the circumstances shown, and inconsistent with previous statements and representations made by the alleged prior user, is insufficient.

2. SAME—INFRINGEMENT—PYROMETERS.
   The Brown patent, No. 494,245, for an improvement in pyrometers, was not anticipated, and is valid; also, *held* infringed as to claims 1, 2, and 5.

In Equity. Suit for infringement of patent. On final hearing.

Joseph C. Fraley and C. V. Edwards, for complainant.
Lemuel Skidmore and Eugene K. Sackett, for defendant.

COXE, District Judge. This is an equity action for the infringement of letters patent, No. 494,245, granted to the complainant March 28, 1893, for an improvement in pyrometers. The application was filed April 19, 1892. The novel feature of the patent consists of the introduction of a platinum expansion strip, V-shaped in cross section. As there is a second action pending between these parties upon another patent the instrument now under consideration may, for convenience, be designated as the platinum pyrometer.

The only defense which demands serious consideration is that of prior use. The rule applicable to this defense is as axiomatic as a similar rule of the criminal law, and yet, in approaching its consideration, it is always well to remember that it is a defense which must be established beyond a reasonable doubt. In order to reject the defense it is not necessary for the court to find the testimony in its support to be false; it is enough that the court is unable to say, with reasonable certainty, that it is true. If there be a fair doubt as to its verity the defense falls and the patent stands. Because of the high character of proof required it is a defense that seldom succeeds. If a flaw exists of sufficient magnitude to admit of an honest doubt the entire structure must be condemned as unsafe. "Oral testimony," says the supreme court, "unsupported by patents or exhibits, tending to show prior use of a device regularly patented, is, in the nature of the case, open to grave suspicion." Deering v. Harvesting Works, 155 U. S. 286, 300, 15 Sup. Ct. 118, 39 L. Ed. 153. The question, then, is, did the defendant manufacture and sell the identical instrument covered by the patent prior to the date of the invention, which, in the absence of other proof, is agreed upon as of the date of filing the application, April 19, 1892? The defendant testifies that he commenced making pyrometers, similar in all material details to the infringing instrument, in the year 1886, and that he has made and sold them since that date. A number of witnesses have been called whose testimony tends to corroborate the defendant. Which of the parties to this action is the inventor of the platinum pyrometer? The complainant is 65 years of age. He is a mechanical engineer and has been since 1859. He became interested in pyrometers 35 years ago

and has been dealing in them ever since. In 1869 he obtained a patent for improvements in pyrometers and has received several other similar patents. In short, it may be said that both practically and theoretically no man in the United States is better acquainted with the art than is he. The defendant is 49 years of age and is a native of Germany, where he was a mechanical instrument maker and also a soldier in the German army. He was wounded at Gravelotte in 1870. In 1871 he came to this country to reside permanently. He was then 20 years of age. He worked for others until 1881 when he commenced business for himself in a small way and has so continued ever since. In 1881 he solicited work from the complainant and continued to do work for him until 1892, chiefly upon an instrument known as the portable pyrometer. He seems to have been a metallurgist of some skill and a competent machinist; but that he possessed a very moderate comprehension of the scientific side of the art relating to the construction of pyrometers, is manifest from his testimony. As the two men appear upon the record there can be no question that the complainant would be selected by any intelligent tribunal as more likely than the defendant to develop inventive genius. The presumptions are all in his favor. His intellectual and scientific attainments, his thorough knowledge of the art and his long and presumably honest business career, not only indicate that he was capable of developing the inventive faculty but also that he was incapable of seizing the fruits of another's labor and attempting by a false oath to secure a patent to which he was not entitled. And yet, if it be true that the defendant made the platinum pyrometer in 1886 it is not easy to see how the complainant can answer these accusations successfully. The improvement in question is not hidden in a tube, it is open to view and would certainly have attracted the attention of the complainant if it had been on the market since 1886. It is difficult to imagine that two men, without each other's knowledge, could not only conceive such an improvement but embody it in almost identical structures. It must be concluded either that the defendant copied from the complainant or vice versa. If, then, the complainant made oath in 1892, that he was the first inventor of a device which the defendant had made and put on the market six years before, it is clear that he can no longer be regarded as an ingenious inventor, but only as a mendacious swindler and a simpleton as well; for no man in his senses would attempt to patent a device which had been in public use for six years. The complainant in his past life has never shown the slightest disposition to appropriate the fruits of another's industry and genius. Unfortunately, however, this is not true of the defendant. In his circulars and catalogues published in 1892 are found exact copies of complainant's pictures of his pyrometers. Subsequently to April, 1895, defendant published a catalogue describing the instruments which he manufactured and sold. The date is indisputably fixed by the fact that the catalogue refers, on page 6, to the "Tinning and Galvanizing Pyrometer," as "Latest Improved, April, 1895." On the next page, although he had issued several previous catalogues, he describes for the first time. "A Platinum Portable Pyrometer," and illustrates it by a cut taken

bodily from Fig. 4 of the complainant's patent, which, it will be remembered, was made public March 28, 1893. He refers to the platinum pyrometer as "this newly constructed instrument" and in a letter, dated December 15, 1896, he refers to it as of "January, 1895." Two months afterwards he writes another letter offering his platinum pyrometer at "a special price for advertisement only." These printed declarations of the defendant demonstrate two facts, first, that he did not scruple to appropriate the complainant's property; and, second, that he had not been making and selling for nine years a pyrometer, which he described for the first time in 1895 as "newly constructed." No platinum pyrometer sold by the defendant prior to the complainant's invention has been produced. This omission is certainly suggestive in view of the defendant's testimony that he has been manufacturing and selling them in large numbers since 1886. In the language of the supreme court, supra, the case is "unsupported by patents or exhibits tending to show prior use." The defendant has called eight witnesses to corroborate his statements. They were examined in 1898 and testified regarding matters which transpired from five to eleven years before. The general course of the examination was to place in their hands the infringing pyrometer and ask them to compare it with the pyrometers which they saw eight, nine or ten years previous. It is unnecessary to discuss this testimony in detail. Some of the witnesses were positive that the earlier pyrometers were identical in all essential particulars, others thought them similar, and others still thought them the same to the best of their knowledge. There is no doubt, however, that this testimony if true anticipates the patent. The difficulty is that the court is unable to accept it as true. The supreme court had the same situation to deal with in the Telephone Cases, except that there the alleged anticipation was established by testimony infinitely stronger than that produced here. In rejecting it the court said:

"We do not doubt that Draubaugh may have conceived the idea that speech could be transmitted to a distance by means of electricity and that he was experimenting upon that subject, but to hold that he had discovered the art of doing it before Bell did would be to construe testimony without regard to 'the ordinary laws which govern human conduct.'" Telephone Cases, 126 U. S. 567, 8 Sup. Ct. 778, 31 L. Ed. 863.

It is not necessary to denounce these witnesses as perjurers. A much more demulcent and charitable view is that they are mistaken either as to the details of the pyrometer which they saw, or the time when they saw it. The desire to aid a friend, the actual presence of the infringing pyrometer, and the assurance of the defendant that the prior pyrometers were like it in structure may have encouraged imagination to encroach upon the domain of fact; but this is a condition frequently encountered in patent causes. The witnesses may honestly have thought that they saw the platinum strip in a pyrometer made by the defendant prior to 1892. They are in all probability mistaken, but at least, there is a doubt about it and this doubt destroys the force of the defense.

The syllogism is a simple one. If the defendant never made a platinum pyrometer prior to 1892 his witnesses could not have seen one.

The defendant's surroundings, course of conduct and printed declarations demonstrate with almost absolute certainty that he could not have made such a pyrometer. Therefore the convincing evidence required to establish the defense of prior use is necessarily wanting. The court does not overlook the fact that the defendant's evidence is directly controverted by two witnesses who worked for him during the period in question and that it is indirectly controverted by the complainant, who was frequently in defendant's shop and saw no platinum pyrometer. There is also evidence that the Franklin Institute awarded the complainant a gold medal in 1896 for his inventions, the platinum pyrometer being one. It is argued with some force that it is a fair inference that such an award could only have been made after the institute was convinced by investigation that the complainant was the true inventor. But all this evidence is open to criticism. Some of it to the same criticism which is urged against the defendant's testimony. The two witnesses referred to are not wholly disinterested and are testifying regarding events which took place long ago. The court prefers to rest the decision mainly upon the defendant's own declarations that his platinum pyrometer was constructed two years after the date of the complainant's patent. Infringement of claims 1, 2 and 5 is proved beyond dispute. Infringement of claim 6 is not asserted. No other question is presented which requires consideration. The complainant is entitled to the usual decree.