UNITED STATES GRAMOPHONE CO. et al. v. NATIONAL GRAMOPHONE CORP. (three cases).

(Circuit Court, E. D. Pennsylvania. February 27, 1901.)

Nos. 33, 34, 35.

PATENTS—SUITS FOR INFRINGEMENT—GROUNDS FOR PRELIMINARY INJUNCTION.
It is not sufficient to support a motion for a preliminary injunction against infringement of unadjudicated patents, the validity of which is contested, that defendant, in a pleading filed in a suit between it and a different party, made a statement which amounted to no more than the assertion of the prima facie title of the present complainant to such patents; defendant being engaged in selling articles manufactured thereunder, and entitled to assert and rely upon their prima facie validity in conducting its said business, without precluding itself from denying such validity as against the patentee or owner.

In Equity. Suits for infringement of patents. On motions for preliminary injunctions.

Horace Pettit, for complainants.

A. Parker Smith, for respondent.

GRAY, Circuit Judge. This is a motion for preliminary injunctions in the above cases. The bills of complaint were filed May 25, 1900, to restrain the defendant from infringing three separate patents of the complainants for improvements in gramophones, each of the said patents being the subject of a separate suit. The patents sued upon are patents granted to Emile Berliner, the inventor of the gramophone, and are as follows: Patent No. 534,543, issued February 19, 1895, to the said Berliner, for a gramophone, is the subject-matter of suit No. 33. Patent No. 548,623, issued October 29, 1895, to the said Berliner, for sound record and method of making the same, is the subject-matter of suit No. 34. Patent No. 564,586, issued July 25, 1896, to the said Berliner, for gramophone, is the subject-matter of suit No. 35.

As the suits all relate to the gramophone and to the record for the machine, all the said patents were considered together in the argument on the motion for preliminary injunctions.

Complainants' patents are unadjudicated. No public acquiescence has been sufficiently proven, and the motion is therefore based mainly upon what was alleged to be an admission recently made, under oath, by the defendant, of the validity of each of said patents. The statement referred to was contained in an answer filed by this defendant November 13, 1900, in another suit, by another complainant, in this court. It constitutes paragraph 27 of the said answer, and reads as follows:

"(27) That upon said 20th day of June, 1900, the complainant, being engaged in filling an order for twenty-five hundred gramophones, and likewise a very large number of records, for said Berliner Gramophone Company, manufactured as aforesaid under and pursuant to such patents so as aforesaid the exclusive property of said Berliner Gramophone Co. and Frank Seaman, such patents being as follows: No. 372,786, dated November 8, 1887, for a gramophone; No. 372,786, dated November 15, 1888, for a process of reproducing records of sound; No. 534,543, dated February 19, 1895, for a gramophone; No. 548,623, dated October 29, 1895, for an improvement in sound records and

107 F.—9

method of making the same; and No. 564,586, dated July 25, 1896, for a gramophone,—all the same having been duly issued to one Emile Berliner, giving the exclusive right for the term of seventeen years to him, his heirs and assigns, to make, use, and vend within the United States the inventions described in said letters patent,—did cancel and allow to be canceled a portion of such order, and, having delivered thereupon eighteen hundred of said machines, and a quantity of records, ceased to deliver any more pursuant thereto."

The statement here made must be taken in connection with the facts of the case in which the answer was filed. The defendant corporation, by the procurement and under the direction of one Frank Seaman, who was exclusive agent and licensee for dealing in and vending the products of the complainants in this case, advertised and sold, as its principal business, the talking machines of said complainants. As a corporation distinct from the said Seaman, it was independent of the complainants herein, and had no contractual relation with them. What it did was to act as the selling medium for the said Seaman, who was, by virtue of a contract, the sole selling agent and licensee of complainants. The so-called admissions of the validity of the patents in suit were nothing more than an assertion of the prima facie title of the Berliner Company to the patents under which the articles, which in course of business were sold by the defendant, were manufactured.

These statements, or so-called admissions, were not against interest, and have no evidential value as such. They do not preclude the defendant in this case from defending the suit of complainants, by denying, as is done in its answer, the validity of the patents in suit. If this were not so, it would place, in a condition of restriction and embarrassment, all those who dealt in patented articles, and relied upon the prima facies of the patent in selling to their customers. No principle of justice or right conduct among men requires the imposition of such restriction under such circumstances. Complainants, apparently recognizing this, seek to connect and identify the defendant with the said Seaman, between whom and complainants there existed the contract of sale and license above referred to.

It is alleged by complainants, in their moving papers, that the said Seaman procured the incorporation of the defendant and its predecessor, for the purpose of doing the things he had contracted to do, that he owned nearly all the stock, and that the said defendant was in fact his alter ego. On this alleged ground, the defendant was practically, from its close connection with Mr. Seaman, the licensee of complainants, and it is contended that it is estopped to deny the validity of the patents in regard to which the license was made. The bill of complaint in each of these cases, however, is drawn in the ordinary form, charging the defendant, as a stranger, with infringement of the patent, without alleging any relation whatever between the parties upon which the plea of estoppel might be based; and the affidavits of defendant deny in the most explicit manner any such relation, and assert in the most positive manner that Mr. Seaman is not, and never has been, a director of the defendant corporation, has no official position under it, and is merely a minority stockholder, owning about one-fifth of its capital stock. It is also shown by the defendant that

the answer of the Berliner Gramophone Company, in a case brought against it in Virginia, states that the National Gramophone Company, the defendant's predecessor, "was never recognized in any way by the Berliner Gramophone Company as having any rights under the contract between it and plaintiff" (who in that case was Seaman).

There were other matters presented by the affidavits at the hearing of this motion which concern the alleged delay of the complainants in vindicating their title to the patents in suit in certain cases instituted in this circuit and in an adjoining one, which, if it were necessary to go further, might present a serious question of laches, disqualifying complainants from seeking the preliminary injunction prayed for. In the view, however, taken by the court, of what appears to be the principal, if not the sole, ground upon which the granting of this motion is urged (but without prejudice to the complainants in that regard at the final hearing), it is unnecessary to go further. No opinion, of course, is expressed as to the other issues between complainants and defendant, which will be disposed of at final hearing, nor is any to be inferred. For the reasons stated, the motion for preliminary injunction is denied in all the cases.