KEASBEY & MATTISON CO. v. PHILIP CAREY MFG. CO. et al.

(Circuit Court, S. D. New York.   July 17, 1904.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Proof of acquiescence in an unadjudicated patent should be very clear to warrant the issuance of a preliminary injunction where there is a serious dispute as to validity; and it will not be deemed sufficient that the complainant has for a number of years had a monopoly in the manufacture and sale of the article, where it appears that it practically controlled all of the supply of a material essential to such manufacture, and also that the article was difficult to make, and complainant held a patent on a machine for its manufacture.

In Equity.   Suit for infringement of patent.   On motion for preliminary injunction.

Edwin K. Jones and Robert G. Dyrenforth, for the motion.
William H. Kenyon and William C. Witter, opposed.

LACOMBE, Circuit Judge.   This is a motion for an injunction pendente lite to restrain defendants from making or selling certain nonconducting coverings or jackets, composed of a major portion of carbonate of or calcined magnesia and asbestos.   The motion is based on three grounds:   First, that the defendants' product infringes United States patent No. 345,843, July 20, 1886, to H. M. Hanmore and others, now owned by complainant; second, that defendants in selling such product designate the same as 85 per cent. magnesia, which is alleged to be unfair competition; and, third, that defendants have cut or reduced the market price for such magnesia covering, and have thus unfairly broken in and trenched upon the plaintiff's business.

The third of these propositions is an entirely novel one, and the argument advanced in its support is unpersuasive.   A manufacturer may certainly sell his product at any prices he chooses, unless he has voluntarily, for a valuable consideration, contracted with some one else not to do so.

As to the second ground the evidence leaves little doubt that defendants' product is substantially 85 per cent. magnesia.   If they have the right to manufacture such product, they have also the right to sell under such truthful description, even though the complainant describes its product in the same way.

The essential question in the case is whether the patent is valid.   There is great conflict in the affidavits, expert and other,—sharp dispute as to fairness of certain samples introduced to show prior art, and the patent has not been adjudicated.   Nevertheless the weight of evidence seems to sustain the proposition that complainant has enjoyed a monopoly of the manufacture of this particular magnesia jacket for some 14 years; and if this were because the public during that period acquiesced in the validity of the patent, it might be sufficient ground for granting the motion.   Proof of acquiescence, however, should be very clear to warrant the issuance of a preliminary injunction where there is a serious dispute as to validity.   There should be acquiescence "under such circumstances as to induce a

belief that infringements would have occurred but for the fact that a settled conviction existed in the minds of manufacturers, venders, and users that the patent was valid, and must be respected." Consolidated Fastener Co. v. American Fastener Co. (C. C.) 94 Fed. 523. The defendants contend that their affidavits show that the complainant and its predecessor practically controlled the manufacture and sale of the variety of magnesia in the condition commercially essential to produce the jacket of the covering, and refused to sell to any one whom they had reason to believe intended to use it for that purpose. It further appears that the manufacture of the covering is difficult and cumbersome. The patent, beyond a statement of components and proportions, and directions to "thoroughly incorporate by stirring," and to mold the "suitable paste" thus obtained into tiles or sections, gives no detailed instructions as to how this high percentage of magnesia can be made to hold together with the small percentage of fibrous material. Much time, attention, and money were expended in devising a practical and convenient method of manufacture, and, as complainant's affidavits show, one of its predecessor firms, "among other things, invented a certain new and useful improvement in machines for molding tubes or cylinders to economically make the said magnesia covering," for which improvement he took a patent February 12, 1889, which is now owned by complainant. Whether the alleged acquiescence was induced by this patent or by the one in suit, it seems impossible, in the present state of the proofs, to determine. The whole subject had therefore best be left for final hearing. Motion denied.