AMERICAN COAT PAD CO. OF BALTIMORE CITY v. PHŒNIX PAD CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 422.

**1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**

Where a patent sued on is unadjudicated, and its validity and infringement are denied by defendant, who sets up valid defenses, there should be strong proof of acquiescence to warrant the granting of a preliminary injunction.

**2. SAME—UNADJUDICATED PATENT—ESTOPPEL TO CONTEST VALIDITY.**

A corporation, owner of a patent, brought suit against another corporation for infringement. Defendant denied validity, and pleaded prior use and anticipation, but before trial purchased the stock of complainant, and took an assignment of the patent. A person who had owned one share of stock in complainant corporation, and who was at the time of the institution of the suit employed by it as superintendent, after the sale of the stock obtained a patent for a similar article, and a new corporation was formed to manufacture thereunder, in which he became a stockholder and officer. The assignee of the earlier patent commenced a suit against him and the new corporation for infringement. Held that, the patent never having been adjudicated, the former suit afforded no ground warranting the issuance of a preliminary injunction against either defendant, who pleaded substantially the same defenses as were set up therein, since such suit did not establish a public acquiescence in the patent, nor create an estoppel against the individual defendant, who was not a party to the record, and whose position in the two suits, even if considered a party to the former suit in fact, was no more inconsistent than that of complainant.

**3. SAME—SUIT AGAINST CORPORATION—ESTOPPEL OF STOCKHOLDER.**

In a suit for infringement of a patent against a corporation and a person who is a stockholder and officer therein, the fact that the latter, as an individual, may be precluded from denying the validity of the patent, cannot affect the rights of his codefendant.

**4. SAME—GROUNDS FOR INJUNCTION—UNFAIR COMPETITION.**

The fact that one employed by the owner of a patent in manufacturing the patented article subsequently obtains a patent for a similar article which he claims to be an improvement, and engages in the manufacture and sale of such article under his own patent, affords no basis for an injunction on the ground of unfair competition.

Appeal from the Circuit Court of the United States for the District of Maryland.

Richard S. Culbreth (Frederick M. Feldner, on the brief), for appellants.

Arthur Steuart, for appellee.

Before SIMONTON, Circuit Judge, and PURNELL and WAD-DILL, District Judges.

PURNELL, District Judge. The appeal is from a decree of the circuit court of Maryland in a patent case, granting a preliminary injunction restraining appellants, defendants below, until the further order of the court, from infringing the patent rights to which the appellee, plaintiff below, claims to be entitled under letters patent No. 359,441, issued to Edward Goldman, dated March 13, 1887. The title of appellee to the letters patent is set out in the verified bill, supported by the affidavits of Gustav Goldman, president of the appellee company, and others. Assuming title to the letters patent to be as stated, it is as follows: From Edward Goldman, patentee by assignment September 29, 1890, to the Eureka Coat Pad Company, and by assignment from the Eureka Coat Pad Company March 16, 1901, to the Phœnix Pad Company, appellee. The assignments are not controverted or questioned. This title is not denied. An answer under oath was waived in the usual form, but defendants below, appellants here, verified the answer, and filed therewith affidavits and exhibits consisting of certified copies of letters patent referred to in the answer. Several issues of fact are raised by the pleadings, a consideration of which at this time would tend to embarrass the trial court in the consideration of the case on the final hearing, and this court, should the case be again brought here by appeal. Loew Filter Co. v. German-American Filter Co., 47 C. C. A. 94, 107 Fed. 950. The cause is not in a condition to be heard as to these matters now, and it must be understood what is said is upon the record as now before the court, and not as to the merits as they may be hereafter presented.

It is stated in the brief of counsel for appellee and in the opinion of the court, which it is said the trial judge delivered before leaving the bench, that the validity of the plaintiff's patent and infringement by defendants are not denied. This statement must refer to something said on the hearing, of which this court knows nothing. An examination of the pleadings discloses the fact that defendant corporation, in the first allegation of its answer, sets out in full the answer of the Phœnix Coat Pad Company (to which it alleges the Phœnix Pad Company is to all intents and purposes successor) in 1889 to a bill filed by the Eureka Pad Company, denying the Goldman patent, alleging two prior patents, No. 41,073, January 5, 1864, to Moses A. Thompson, and No. 236,267, January 4, 1881, to Daniel T. Smith, and that Edward Goldman was not the inventor of the coat pad described, but the same was used many years before by parties in Cincinnati, Baltimore, and New York, naming them. The paragraph is adopted by defendants as part of their answer. Another suit (The Eureka Coat Pad Company v. H. M. Marcus & Bro.; 1890) is referred to as involving the Goldman letters patent, and it is conceded that neither of these cases came to a final hearing. There has been no adjudication as to the validity of said letters patent. The validity of the Goldman letters patent is therefore denied in the pleadings.

The infringement of plaintiff's letters patent is set out in paragraph 8 of the bill, and in the eighth paragraph of the defendants' answer

are these words: "The defendants deny the allegations of paragraph 8 of the bill." In the following two paragraphs of the answer defendants admit they have manufactured coat pads, but explain at some length this was done under letters patent No. 673,331, issued to Louis Bouchat, January 10, 1901, and setting out the difference between the coat pad thus manufactured and the coat pad for which the Goldman letters patent provide, and an improvement claimed in such coat pads so manufactured over the Goldman patent. The validity and infringement are thus denied, and clear-cut issues raised. An examination of the record discloses several defenses set up,—no patentable subject of invention, prior use, no adjudication, no infringement, and ability to respond in damages. This is allowable by statutory provision. 29 Stat. c. 391; Bates, Fed. Eq. Proc. 331.

The ground upon which a preliminary injunction was granted is thus set out in the opinion of the court, which counsel say was delivered by the trial judge before he left the bench:

"This is a motion for a preliminary injunction by the Phœnix Pad Company against the American Coat Pad Company and Louis Bouchat for the infringement of letters patent No. 359,441. There has been no adjudication of the patent, but the motion is based upon public acquiescence and estoppel against the defendants. There are many circumstances which show acquiescence. The patent is one that has been in use now since 1887, and under its protection its various owners have established and maintained a business that has been acquiesced in by the competitors of the owner of the patent. There were two suits on the patent begun, but neither was brought to a final hearing. It is said the validity of the patent has been denied by the same persons who are now asserting it. They have been defendants in the previous suits; but I take it that those were the formal defenses; that the real defense in the Marcus case and the case brought against the Phœnix Coat Pad Company by the Eureka Coat Pad Company was noninfringement. Of course, counsel advised that other defenses should be made, and no doubt thought there was ground for them. But that was the answer made under advice of counsel, who made all the defenses that could reasonably be made. The circumstances of these cases tend to show an acquiescence. It is true there has been no adjudication, which is required in many cases, but that which appeals most strongly to the conscience of the court is the circumstance which tended to show that Louis Bouchat, one of the defendants here, was a stockholder of the Eureka Company, which owned this patent; and I understand it to have been admitted at the hearing that he was the superintendent or general manager of the company at the time that it was making and selling coat pads under this patent and asserting it as valid, and at the time at which the Eureka Company sued the Phœnix Coat Pad Company, charging infringement of it. It is shown that he is the principal stockholder and manager of this new company. He was an important officer of some sort in the Eureka Company, which brought the former suit. It was settled by the defendant company, the predecessors of the present complainant, by buying all the stock. The patent was a valuable asset, and Bouchat received four times the original cost of the par value of the stock for his share of this patent. Now that he should immediately start up a competing business and an infringing business (and the infringement is not denied), I think, makes out a very strong case of estoppel and of unfair competition in business. I therefore grant the application."

From the order granting the temporary injunction defendants below appealed, and there are in the record 15 assignments of error. Many of these it would not now be proper to consider. In the suits referred to, both the counsel, the plaintiff below, and Bouchat, defend-

ant below, it seems, occupied reverse positions as to the Goldman letters patent from those now occupied by them. The suits were settled. How is not disclosed. There was no adjudication in either; hence these suits can have no bearing on the case at bar, unless there is something in the pleadings to act as an estoppel or acquiescence.

The defendant corporation was created in 1901. It was not a party to either suit,—was not in existence. Hence it cannot be estopped by either suit or the pleadings therein. It is a legal entity. Nor could it have acquiesced in what occurred before it came into existence. The other defendant below, Bouchat, owned one share of stock in the Eureka Company, and it is said it was admitted at the hearing was the superintendent of the company at the time it asserted the validity of the patent. It does not appear what his duties were or that he had any control of the corporate entity. He was not a party of record. A mere stockholder is not bound by the acts of a corporate body or for which he labors as an employé. Machine Co. v. Woodward, 27 C. C. A. 69, 82 Fed. 97. If he were a party, then counsel and the assignor of plaintiff below occupied different relations to the patent from those which they now occupy. Those now asserting its validity then denied it, and vice versa. If the pleadings in those suits, in which nothing was decided, nothing settled, as bearing on the validity of the patent or the present controversy, can act as an estoppel on the one, they are equally an estoppel on the other. On this score the parties would be left on equal footing,—like the soldiers of Franklin, each dead on the other's spear. Bouchat was not a party to either suit. That he was an employé and stockholder in the corporation which asserted the validity of the patent cannot act as an estoppel against him. Suits instituted, but not decided, can have no more effect as an estoppel and acquiescence than the allegation that counsel have represented different parties in such futile litigation. Neither decides principles, affects facts, nor acts as an estoppel. Counsel change their views upon further investigation of a subject. Others may do the same. Even if Bouchat had been a party, formal admissions or allegations in pleadings made by one party to a litigation are not sufficient to bind him in another suit between different parties, involving the same subject-matter. United States Gramophone Co. v. National Gramophone Co. (C. C.) 107 Fed. 129. Bouchat was not even a formal party to the suits set up as an estoppel. He was only an employé of one of the party litigants, an owner of one share of stock. He sold his stock and lost his job. In the case above cited, the facts were very similar to the one at bar. Complainant's patents were unadjudicated. No public acquiescence was sufficiently proven, and the motion for an injunction was based upon admissions made by the defendant, under oath, as to the validity of the patents. Circuit Judge Gray refused a preliminary injunction. Where the validity of the patent and the infringement are denied, and defendant sets up valid defenses, there should be strong proof of acquiescence to warrant the issuing of an injunction. Smith v. Britannia Co. (C. C.) 92 Fed. 1003; Consolidated Fastener Co. v. American Fastener Co. (C. C.) 94 Fed. 523. That plaintiff below alleged, under oath, the patent had been in use by it and its assignors for several years, is not sufficient to prove

public acquiescence. This is denied under oath; it is an issue of fact; to decide it, there must be proof. Nor is it sufficient that one of the defendants below knew the patent had been used,—had been an employé of a company using it, though he is now a stockholder in, and an officer of, the other defendant.

That other defendant has rights. If Bouchat had permitted a decree pro confesso to have been entered against him, and this corporation, which was the original defendant, had answered, and had set up an available defense, such defense would inure to the benefit of both defendants. Frow v. De La Vega, 15 Wall. 552–554, 21 L. Ed. 60; Andres v. Lee, 21 N. C. 319; Bates, Fed. Eq. Proc. § 327, and authorities cited.

But the trial judge seems to put his conclusion on another ground, unnoticed by counsel in the argument or brief,—unfair competition in trade. What is above said applies to this point in the opinion. Defendants seem to be acting in good faith, and allege their ability to respond in damages, which is not questioned. Louis Bouchat believes he has made an improvement in coat pads entitling him to a patent. He has obtained letters patent therefor. This cost something, and a company has been organized to manufacture coat pads under these letters patent. Is this unfair competition in trade? If so, no improvement in a patented article could ever be made by one versed in the art. Louis Bouchat had worked at the trade of making coat pads, became familiar with the art, experienced in the business, and knew the demands of the trade. True, this was when he was a stockholder, owner of one share, and an employé of a corporation using the Goldman patent, when he probably saw the defects in the coat pads manufactured under that patent, and devised what he conceived to be an improvement in coat pads. He applied for and obtained letters patent for such improvement. Is the fact he was such stockholder and employé of a corporation using a patent to deprive him of the benefit of a supposed inventive genius? If so, no one would probably ever make any improvements on patented articles. The purposes of the patent laws would fail. Persons not familiar with the manufacture of patented articles do not and cannot make improvements. It must be done by an artisan. This is reason, and ratio legis vitæ est is as true now as when first written in Coke on Littleton. To entertain a suit for infringement of a patent, the plaintiff must not only allege, but prove, he is the inventor or owner of the patent, and that it has been infringed. Bates, Fed. Eq. Proc. § 331. The allegations are made; they are denied. The relief depends on the proof.

It seems then the preliminary injunction was improvidently granted by the circuit court, the defendants below being able to respond in damages, there being no threatened irreparable injury, no estoppel, no sufficient acquiescence, and no unfair competition in trade. Defendants should have been required to give bond for an accounting, and the temporary injunction refused.

There is error. Reversed