RAYMOND *et al. v.* BOSTON WOVEN HOSE Co.

*(Circuit Court, D. Massachusetts.* July 12, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

A preliminary injunction against the infringement of a patent will be denied where plaintiff does not show a prior adjudication sustaining the validity of the patent, or public acquiescence on which a presumption of validity may be based, and where it does not clearly appear that there is an infringement.

In Equity. Bill to restrain infringement of patent.

*Clarke & Raymond,* for complainants.
*David Hall Rice,* for defendant.

COLT, J. The complainants are the owners of two patents, numbered, respectively, 197,716 and 197,717, dated December 4, 1877, granted to J. A. Caldwell, the first being for an improved strap for securing hose to the coupling, and the second for an implement for fastening such hose-straps. The defendant is charged with infringement of these patents. The present hearing is upon a motion for a preliminary injunction. The first ground of defense is that the plaintiffs have shown neither prior adjudication sustaining the validity of the patents, nor public acquiescence upon which a presumption of validity may be based, and that, therefore, whatever the decision of the court may be upon final hearing on the merits, the present motion, under a well-settled rule of law, must be denied. I think this point is well taken. It is admitted that there has been no prior adjudication upholding the validity of these patents. As to public acquiescence the evidence goes to prove that this strap and implement have never been put upon the market. The reason assigned by the complainants for not making and selling the Caldwell strap, namely, that it is more costly than the Adlan and Earle straps, does not affect the question of public acquiescence. In the absence of the manufacture and sale of the patented article it can hardly be said that there has been public acquiescence. If nobody had use for the article during the time of the alleged acquiescence, or its merits were prized so low that nobody cared to adopt it, no lapse of time has any tendency to raise a presump-

tion that the patent is valid. Walk. Pat. § 668. But further than this I have some doubt on the question of infringement. As to the tool patent, I have serious doubt whether the defendant infringes. The claim of the patent specifically recites that the grooves or notches in the jaws of the pivoted levers shall be located out of line with each other, and this feature seems to be necessary for the practical working of the tool when applied to fastening a Caldwell hose-strap. In the Hudson or alleged infringing tool we find, in place of notches out of line, two holes punched in the jaws in alignment with each other. In the case of the strap patent it must be admitted that the question of infringement is closer. The specification states that the band is made of self-annealed wire, of such length that the enlarged ends will extend beyond and overlap each other, so as to admit of their being twisted by turning the implement, whereby they are locked or hooked together, and the portion of the hose under the band is thus forced into the corrugations of the coupling, and securely held. A wire band, provided with enlarged ends, is one of the main features of the claim of the patent. The defendant's hose-band does not have the enlargement shown in the Caldwell band, though I am aware that the language of the specification is very broad on this point. The defendant uses hooks at the end of the band, instead of the Caldwell enlargements. I do not think the defendant's band, in spite of the opposite contention, can be practically applied with the Caldwell tool. The manner of operation and the purpose of the defendant's hooks cannot be said to be the same as the Caldwell enlargements. Construing these patents in the light of the prior state of the art, I am not free from doubt on the question of infringement. Upon all the facts of this case, as presented in the papers before me, I am satisfied that the motion for a preliminary injunction should be denied.