SILVER & CO. v. J. P. EUSTIS MFG. CO. et al.

(Circuit Court, D. Massachusetts. May 17, 1904.)

No. 1,839.

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

In suits for infringement the rule is that the patent must be supported by public acquiescence or prior adjudication to entitle complainant to a preliminary injunction, unless there are some peculiar conditions which call for the exercise of the court's discretion in granting the injunction. It is also incumbent on complainant to show that the threatened injury will be irreparable.

2. SAME.

Where it is not shown that a complainant has suffered or is threatened with any serious injury from the alleged infringement of his patent by defendant, and defendant denies infringement since the commencement of the suit, and states that he abandoned the manufacture and sale of the alleged infringing article, and does not intend to and will not further infringe, such irreparable injury does not appear as to require the granting of a preliminary injunction. The effect of such injunction in deterring others from infringement cannot be considered on such an application.

3. SAME—PLEADING—PLEA.

In a suit for infringement, a plea setting out that defendant abandoned the manufacture and sale of the infringing article before the commencement of the suit will be stricken out where such statement is contradicted by evidence already in the record.

In Equity. Suit for infringement of patent. On motion for preliminary injunction and to strike out plea.

Stephen J. Cox and William R. Bigelow, for complainant.

Edward S. Beach, for defendants.

HALE, District Judge. This is a suit in equity to enjoin and restrain the defendants from manufacturing or selling bath seats which are alleged to infringe United States letters patent No. 736,032, dated August 11, 1903, issued to William H. Silver, and assigned to complainant.

The case now comes before the court upon a motion for a preliminary injunction and upon a motion of the complainant to strike out a plea filed by the defendants, which plea alleges that prior to the filing of the bill of complaint the defendants and their agents had wholly ceased to make, use, or sell bath-tub seats which are alleged to infringe the patent in suit; that after the date of the patent, and before the filing of the bill, the defendant company made and sold 2⅓ gross of seats for the purpose of using up old parts on hand; that in so manufacturing said seats the defendant company made such substantial alterations in the parts that the seats did not infringe the patent in suit; that since the sale of said 2⅓ gross of seats the defendants and their agents have wholly ceased to manufacture, use, and sell bath-tub seats, and were not at the time of the filing of said bill of complaint engaged in their manufacture, use, and sale, and

¶ 1. See Patents, vol. 38, Cent. Dig. §§ 476, 477, 480, 481.

¶ 3. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

have not at any time since the filing of the bill of complaint threatened to manufacture, use, or sell bath-tub seats, but have in good faith finally abandoned such manufacture, use, and sale, and are not now threatening, and do not intend, now or at any time in the future, to manufacture, use, and sell such bath-tub seats. The motion to strike out this plea alleges that the plea presents no valid defense to the suit, is irrelevant and immaterial, and improperly filed herein, and, if the facts presented in said plea were true, they would not defeat complainant's suit.

The court will first consider whether or not a temporary injunction will be ordered. The case shows that the defendant John P. Eustis, who is the treasurer of the defendant corporation, claimed to be the inventor of the identical subject-matter of the patent in suit; that he made application for a patent therefor, and contested an interference proceeding between his application and the application for the patent in suit; that he prosecuted this interference before all the tribunals of the Patent Office in which it was possible for him to prosecute it; and that, after the Patent Office had decided against him, and granted a patent to Silver, the complainant's assignor, the defendants then promised and agreed not to infringe the patent, but to respect complainant's rights thereunder. Complainant's affidavits tend to show also that the defendants continued their infringement until a short time before suit was brought. There is also some evidence that the defendants have offered infringing seats for sale since the filing of the bill of complaint. Indeed, the denial of Mr. Eustis, the treasurer of the defendant company, is not clear and unequivocal. Under the practice of the court in this circuit, the rule in this class of cases is that the patent must be supported by public acquiescence or prior adjudication in order to entitle a complainant to a temporary injunction, unless there are some peculiar conditions in the case which call for the exercise of the court's discretion in granting an injunction. Hatch Storage Battery Company v. Electric Storage Battery Company, 100 Fed. 975, 41 C. C. A. 133. It is also incumbent upon the complainant in this class of cases, before he is entitled to a temporary injunction, to show that the threatened injury by the alleged wrongful act of infringement will be irreparable. In Parker v. Woolen Company, 2 Black, 551, 17 L. Ed. 333, Mr. Justice Swayne, speaking for the Supreme Court, says:

"A court of equity will interfere when the injury by the wrongful act of the adverse party will be irreparable, as where the loss of health, the loss of trade, the destruction of the means of subsistence or the ruin of the property must ensue. A diminution of the value of the premises without irreparable injury is no ground for interference. The case must be one of 'strong and imperious necessity,' or the right must have been previously established at law."

In Ladd v. Oxnard—a recent case in this circuit—75 Fed. 732, Judge Putnam, referring to the case of Parker v. Woolen Company, says:

"The reasons for equitable interference in patent, trade-mark, and copyright cases are brought within this definition by the words 'the loss of trade.' This, for reasons easily understood, involves injuries which it is impossible to compute by any rule of law, or any practical rule whatever, or even to ascertain. Unless there is this special ground for equitable relief by injunction, a bill for that purpose will not lie even in patent cases."

In the case before us the record does not show any public acquiescence in the patent, nor does it show any prior adjudication of the patent. The decision of the Patent Office cannot be held to take the place of a decree of a court.

Upon the question of irreparable injury the complainant does not entitle himself to the relief sought for. In the testimony presented by the complainant no great force is laid upon any injury which defendants will be likely to inflict, even if they break their promise of noninfringement. If such promise should be broken, this motion could be renewed at any time, as a court of equity is always open for the protection of its suitors; and defendants who have put themselves under promises of noninfringement must expect a prompt interference of the court if they break such promises. The injury which is most forcibly brought before the court by the complainant is that other manufacturers "will continue to infringe our patent with impunity, and to flood the market with seats practically identical in construction, but made in most instances of inferior material." A court of equity cannot be invoked to relieve a suitor from such injury as this. This court, in affording relief under this application, cannot take into consideration any fear which complainant may have of other infringers.

In Paul Steam System Company v. Paul, in which this court has just sent down an opinion (129 Fed. 757), the court said:

"The practice in the federal courts, and especially in this circuit, is to refuse an injunction unless the case shows beyond reasonable question the necessity for such intervention of the court. The practice of this circuit has been, except in clear cases of necessity, to leave a cause untrammeled by injunctions or decretal orders until the final hearing."

We see no reason in this case to apply a different rule, and must refuse to order a temporary injunction.

We now come to consider the plea offered by the defendants, the substance of which we have quoted. The rules of equity are not intended to authorize a defendant to make his defense by plea, and, if unsuccessful there, to make it over again in an answer. Walker on Patents, § 588. The testimony in this case sets out, among other things, that the defendants have ceased to sell the infringing bath-tub seats; that they have not sold them since the filing of the bill; that they have abandoned their manufacture, and do not intend to manufacture or sell them. But the evidence in the record before us tends to contradict the plea. That evidence tends to show that there has been some infringement since the filing of the bill. In this view of the case it is unnecessary for the court to pass upon the question whether the allegations of the plea relieve the complainant from the fear of infringement set forth in the bill, and so present a valid defense to the suit. It is the duty of the court in this proceeding to examine not only the plea itself, but the whole case as presented, and to decide whether anything in the record is inconsistent with the plea. The court finds that the evidence is contradictory to and inconsistent with the plea. We are therefore of the opinion that the plea cannot prevail.

A decree may be entered: The motion for temporary injunction is denied. It is ordered that the plea be stricken out, and that the defendants file their answer within 30 days.