STANDARD ROLLER BEARING CO. v. HESS-BRIGHT MFG. CO.

(Circuit Court, E. D. Pennsylvania. May 4, 1906.)

No. 5.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted to restrain an alleged infringement of a paper patent issued more than 16 years before suit, the validity of which has not been established by adjudication or public acquiescence, and where there is a strong showing of anticipation.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 474–477.]

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Henry P. Brown and A. B. Stoughton, for complainant.
Wm. A. Gray and Robert Fletcher Rogers, for respondent.

HOLLAND, District Judge. In this motion for a preliminary injunction it appears patent No. 417,340, known as the "Scales Patent," for an improvement in journal bearings, was issued to William S. Scales, George G. Frost, and Joseph H. Clark on December 17, 1889, and by them assigned to the complainant on February 28, 1906. A few days after obtaining title this motion for a preliminary injunction was made. The respondents reply that the patent has never been adjudicated, nor is its validity established by a public acquiescence, and that it is invalid because of anticipation. It has been a mere paper patent, and up to the present time the device has not been manufactured or sold to the public by the patentees. About a year ago the respondents, through their own efforts, created a demand for a bearing similar to the one described in the patent. They have been engaged in selling them since that time, and after an examination of the Patent Office, to avoid interfering with other rights, they engaged in the manufacture

of ball bearings in the city of Philadelphia. They are importers of large quantities of a similar article from abroad. They admit that the ball bearings manufactured and imported by them are similar to those described in the complainants' patent, but aver, however, that the patent is invalid because of anticipation. The patent in question was issued on the 17th day of December, 1889, as applied for, without any objection in the Patent Office whatever. No one regarded the device patented of sufficient value to manufacture it, and not until the respondents created a demand for this kind of bearing did the complainants investigate the questions of existing patents, and, as a result, purchased the one in suit. They secured title to it in February 28, 1906, and are about to engage in the manufacture of ball bearings such as described in the patent. The respondents called the court's attention to two patents which they claim anticipates the one issued to Scales and others.

An inspection of these patents and an examination of the evidence leads the court to the conclusion that this injunction should not be awarded, notwithstanding the fact the respondents admit that the article manufactured and sold by them is similar to that described in the patent, because there has never been an adjudication, nor has there been such a public acquiescence in the patent sufficient to establish its validity, and the patents cited as anticipations so closely resemble the one in suit that the court is led to the conclusion that the respondents should not be restrained at this time from continuing the manufacture of their bearings, especially as the evidence indicates that they are able to respond in any damages which the complainants on a final hearing may be able to establish.

We think the conclusion arrived at in this case is amply sustained by the cases of Grover & Baker Sewing Machine Company v. Williams, 11 Fed. Cas. 83; Raymond et al. v. Boston Woven Hose Co. (C. C.) 39 Fed. 365; Ertel v. Stahl, 65 Fed. 521, 13 C. C. A. 31; Consolidated Fastener Co. v. American Fastener Co. (C. C.) 94 Fed. 523; Walker on Patents (4th Ed.) § 667; Blount v. Societe et al., 53 Fed. 102, 3 C. C. A. 455.

Motion for a preliminary injunction is overruled.