### KARFIOL v. ROTHNER et al.

(Circuit Court, E. D. New York. February 9, 1907.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

It is the general rule that a preliminary injunction will not be granted to restrain the alleged infringement of patents which have not been adjudicated, and in which there has been no such public acquiescence as to establish their validity, unless special circumstances are shown which render it necessary to protect complainant's rights, and when such circumstances are shown, but it also appears that the granting of the injunction would cause irreparable injury to defendants, if they should finally succeed in the suit, the better practice is to permit them to give security to pay any damages which complainant may recover, and, on its being given, to refuse the injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 474, 476, 480, 500.

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit for infringement of patents. On motion for preliminary injunction.

Steuart & Steuart, for complainant.
Reiss & Reiss, for defendants.

CHATFIELD, District Judge. The defendants are alleged to be using patents Nos. 835,189, for method of perforating or dividing paper, 835,190, for machinery for cutting or dividing paper, and 835,283, for apparatus for perforating or dividing paper or other sheet material—all dated November 6, 1906, and issued to B. Karfiol, which patents the complainant claims are valid. By such alleged use, it is claimed that the defendants have obtained substantially the entire business enjoyed by the complainant some six months ago.

The complainant alleges that he is the owner of these patent rights, but no adjudication and no public acquiescence are shown, nor has any been possible since the issuance of the patents. It was admitted on the argument that an injunction along the lines prayed for in the bill of complaint and the motion papers would prevent the defendants from

carrying on the business now enjoyed by them. Defendants claim that complainant has no valid patents, that the patents contain no patentable ideas, and that therefore defendants had a right, as a matter of business competition, to pursue the course which they have followed since forming the Greater New York Lace Paper Company, the name under which they are trading as individuals. Previous to forming this company, the defendants were employés of the complainant.

Various issues of fact arise from the record in this action, and the affidavits submitted in support of, and in opposition to, the application for a preliminary injunction. The rule is well established in the federal courts and in this circuit, that where there has been no adjudication, nor such public acquiescence in the patent as to establish its validity, no preliminary injunction will be granted, unless the evidence indicates that the defendants may not be able to respond in damages, or where, beyond reasonable question there is necessity for the intervention of the court, because of the loss of trade, or that the ruin of property would be irreparable. Silver & Co. v. J. P. Eustis Mfg. Co. et al. (C. C.) 130 Fed. 348, and cases there cited; Standard Roller Bearing Co. v. Hess-Bright Mfg. Co. (C. C.) 145 Fed. 356. In the present action the defendants are doing business under a capital stated to be $4,500. The materials used and the machinery required in the business are not so expensive as to necessitate a large plant or capital in order to do a considerable business, and it does not seem to the court that the sum of $4,500, is any indication of the volume or the value of the business which the defendants may be carrying on. The fact that the defendants have practically acquired unto themselves all of the business formerly done by the complainant at the time defendants were working for him, and that if complainant should ultimately be successful it would be impossible to estimate the amount of damages which he might suffer by that time, or to restore the parties to their original position, would seem to take this case out of the general rule and entitle the complainant to relief.

However, if a preliminary injunction should be granted, the result would be that the defendants would lose their business, with no probability that it would all be secured to the complainant, or that the result of the injunction would furnish any security to the complainant pending the outcome of the suit. Under these circumstances two courses are possible: The complainant might be required to give a bond to cover any damages that the defendants might be found to have sustained if the suit should ultimately be decided in favor of the defendants, and the preliminary injunction restraining them be eventually dissolved. This method of procedure is open to the same objection as the granting of a preliminary injunction itself. The alternative method of procedure is to require the defendants to give security to answer any damages from the time of this application to the determination of the action, which may accrue to the complainant if he shall ultimately prove successful. It is the opinion of the court upon the record and affidavits submitted that the latter course should be adopted, and that there is sufficient reason for departing from the ordinary rule of refusing to grant injunctive relief to the complainant before adjudication or acquiescence.

The court will hear further argument as to the amount of security which should be furnished by the defendants, and the defendants will be directed to file a statement of their business, showing receipts and expenditures during each month, pending a determination of this suit. In the event of the failure of the defendants to give such security' as may be fixed upon further argument, or to comply with the terms of the court which may then be made, the injunction asked for will issue.