MEYERS v. SKINNER et al.

(Circuit Court, E. D. New York. May 31, 1910.)

PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted to restrain alleged infringement of an unadjudicated patent of recent date, where the defenses involve issues of fact, and where complainant cannot in any event be subjected to more than a small amount of damages before the case can be heard on the merits.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by Willard F. Meyers against John R. Skinner, Percy C. Skinner, and John J. S. McFarland. On motion for preliminary injunction. Motion denied.

Henry D. Williams, for complainant.
Johnson & Galston, for defendants.

CHATFIELD, District Judge. The complainant seeks an injunction pendente lite upon a patent based upon certain improvements in the essential parts of a device for casting steel teeth to be used in sawing stone. Uncut diamonds are embedded in the teeth, which are revolved by means of an appliance similar to a circular saw, and the rough edges of the diamonds do the actual cutting.

The patentee (who filed his application on the 16th day of December, 1908, and received the patent, No. 932,488, upon the 31st day of August, 1909) successfully met in the Patent Office the questions of anticipation from the Hubert patent, No. 382,088, May 1, 1888, the Foerster, No. 340,204, April 20, 1886, and the Myer patent, No. 387,986, August 14, 1888, which last was a prior patent for a mold to be used for exactly similar purposes.

The new patent, therefore, covered in terms both an improvement in the construction of certain parts and also the combination of known elements with those improved parts. The patentee claimed, and the patent presumptively established, the invention by this combination of a new principle rather than a different or improved way of carrying out exactly the old method of the earlier Myers patent.

The time which has elapsed since the issuance of the patent has not been sufficient to allow events which would furnish satisfactory proof of acquiescence on the part of the public. The narrowness of the field of operation and the nature of the subject-matter of the patent is such that it falls directly within the decision in the case of Wright v. Paulhan (C. C.) 177 Fed. 261.

The defendants herein separately deny their joint participation in the acts claimed to be infringements, they deny the validity of the patent as to invention, patentability, and novelty, and in addition one of the defendants claims to be the actual inventor, thus taking issue with the claims of the complainant and with the presumption afforded by

the allowance of the patent. The defendants further allege that they obtained the drawings for their devices, and actually had models made, prior to the application of the complainant for his patent. But they do not furnish any testimony, by way of statements of fact, which would indicate that their ideas were not obtained from the complainant's devices themselves, during the two years preceding the application for the patent.

A cursory examination of the patent and of the prior art, as well as of the drawings submitted, would indicate that the defenses of invention and patentability are not likely to be sustained, and that the decision of the Patent Office was correct in allowing the patent to the complainant. This merely substantiates the assumption of validity which the issuance of the patent and the possession of the letters patent give to the complainant's claims and rights.

The issue as to whether the complainant or the defendants are the real inventors, and hence whether the patent was valid as an invention of the complainant, can hardly be determined upon the present affidavits, although again the method of defense and the relations of the defendants to the business of the complainant do not impress the court with the feeling that this defense will succeed, unless strong evidence is brought in support of it.

The entire situation is one in which the court would feel inclined to grant relief in the way of temporary injunction to the complainant, if the patent were not so recent, and if the situation of the parties were not such that a speedy determination on the merits is of more importance than the temporary preservation of what may ultimately appear to be the complainant's rights.

In the case of Karfiol v. Rothner, 151 Fed. 777, this court attempted to provide for a similar situation by ordering the defendants to give a bond, unless an injunction should issue. No bond was given, and an injunction pendente lite ultimately did issue. But the course of procedure was such as to indicate that the difficulties considered were not obviated either by the provision for the bond or the temporary injunction, and no practical advantage, especially in view of the comparatively small amount of damage that can be proven upon reference, would seem to result from such practice. On the other hand, with an unadjudicated patent, where the defenses involve such pure questions of fact as whether the complainant was the individual inventing the device, the court is unwilling to issue a temporary injunction, and thereby cause severe loss to the defendant if his position should be substantiated, when the interval before final hearing need not be great.

It is stated in the affidavits that the testimony will be completed during the month of July, and the court would prefer to set the case down for final hearing immediately upon the completion of the taking of testimony, than to decide, under the present circumstances, that the complainant is reasonably certain to prevail.

The motion will be denied on condition that the testimony be completed and the case submitted before August 1, 1910.