MEYERS v. SKINNER et al.

(Circuit Court, E. D. New York. February 8, 1911.)

PATENTS (§ 308*)—INFRINGEMENT—PRELIMINARY INJUNCTION—WRONGFUL USE BY COMPLAINANT AS GROUND FOR DISSOLUTION.

The wrongful use by a complainant of a preliminary injunction against infringement of a patent, by sending notices of the same to the trade and to customers of a defendant, together with letters which are misleading as to its scope and effect, and calculated to injure defendant's legitimate business, affords ground for dissolution of the injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 505; Dec. Dig. § 308.*]

In Equity. Suit by Willard F. Meyers against John R. Skinner, Percy C. Skinner, and John J. S. MacFarland. On motion by defendant MacFarland to vacate a preliminary injunction. Motion granted.

Henry D. Williams, for complainant.
Johnson & Galston, for defendants.
Grafton L. McGill, for defendant MacFarland.

CHATFIELD, District Judge. The defendant MacFarland is one of three defendants in an action for infringement of patent No. 932,488, covering a device or mold for casting steel teeth containing diamonds for sawing stone. In the infringement suit, an application was previously denied by this court for an injunction pendente lite. Meyers v. Skinner (C. C.) 179 Fed. 860. Subsequently testimony was taken, and it appearing that as to certain claims of the patent the question of validity had been substantiated, and, on the other hand, no use of the device shown in those claims had been proven, an injunction pendente lite as to those claims was entered by consent, while the time to take testimony as to the other claims was extended. The defendant MacFarland now asks to have the injunction pendente lite vacated, and the bill dismissed, upon the ground that the complainant has used this injunction for advertising purposes, and interfered with his business, in what he claims would be legitimate sales, even if the validity of the patent is admitted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As is shown by the opinion upon the previous motion, the patent has to do with a form of mold for casting diamond saw teeth, and neither the product nor the method of use of the mold is covered by the patent; nor is the patent itself capable of being made the basis of a universal or comprehensive license system, for other molds can be rightfully used. Contributory infringement could be based only upon actual knowledge of the parties infringing, or upon an interference with a consistently and uniformly effective control over some product or device which could not be obtained, unless under license from the patentee of the particular form of mold herein under consideration. A discussion of the question with relation to such a license system and machine patent can be found in the case of Crown Cork & Seal Co. v. Brooklyn Bottle Stopper Co. (C. C.) 172 Fed. 225, and need not be taken up on this motion.

The complainant has apparently used the injunction pendente lite, obtained by consent upon the claims referred to, for the purpose of advertising, and for the legitimate purpose of warning the trade generally, as well as individual customers of the defendants, that he will protect his rights under the patent against infringers, but has intimated that he will seek to establish rights against so-called contributory infringers. He has thus warned customers of the defendant MacFarland that the complainant will seek to prosecute and punish any purchaser or user of a product of any machine which infringes the patent in suit, even though the product be not covered by the patent.

Not only would it seem with reference to such a patent, that there is no basis upon the record as it stands for a warning against becoming contributory infringers, so far as parties are concerned, who do not knowingly assist or participate in or encourage the infringing use of the patent itself, but the general condition of the testimony, and the relation which the defendant MacFarland seems to have had with the acts claimed to be infringements by the complainant, do not seem to justify the use which has been made of the injunction obtained by consent.

Although the defendant MacFarland did, however, consent to the issuance of this injunction, upon claim by him that he had no intention of infringing in any way, and as the consent was given after the court had refused to grant such an injunction upon an unadjudicated patent, if diligent action was taken toward final hearing, it seems to the court that he (defendant MacFarland) is justified in asking that, so far as he is concerned, the injunction pendente lite be vacated, upon condition that the case be promptly completed. The complainant may have the right to ask for immediate restoration of the injunction, if any action occur on the part of MacFarland which would indicate an attempt on his part to make use of any device that can legitimately be held to infringe the claims in question, or to improperly advertise this opinion and decision, beyond making it known that the injunction pendente lite has been vacated as to MacFarland, unless he be guilty of evident infringement, assuming that the complainant's rights will be fully established, both as to validity or prior infringement.

The motion, in so far as it seeks a dismissal of the bill, should be denied, as this question does not go to the merits of the action at all.