CROWN CORK & SEAL CO. OF BALTIMORE CITY v. NEW YORK SPECIALTY CO. et al.

(District Court, E. D. New York. July 25, 1913.)

PATENTS (§ 308*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Motion to vacate a preliminary injunction against infringement, and permit defendant to give a bond in lieu thereof, denied.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 504–506; Dec. Dig. § 308.*]

In Equity. Suit by the Crown Cork & Seal Company of Baltimore City against the New York Specialty Company and others. On motion of defendants. Denied.

Philipp, Sawyer, Rice & Kennedy, of New York City, for complainant.

Robert B. Killgore, of New York City (Harry E. Lewis, of Brooklyn, of counsel), for defendants.

CHATFIELD, District Judge. The defendants have been enjoined from infringing certain patents held valid in the suits of Crown Cork & Seal Co. v. Brooklyn Bottle Stopper Co. (D. C.) 201 Fed. 344, in this court. The present suit is at issue, but the defendants are under order to furnish a bill of particulars, which has not been given.

The machine used by the defendants is identical in function and substantially identical in structure with those held to infringe in the suits previously adjudicated. In those cases motion to suspend the injunction was denied, and an appeal has been taken, but not hastened to hearing, although the solicitor for the defendants therein is also solicitor for the defendants here.

This application is made under the ruling allowing the giving of a bond in Karfiol v. Rothner (C. C.) 151 Fed. 777; but experience has shown that such a bond, except in unusual cases, is not conducive to shortening or lessening litigation, and does not prevent loss to defendants in case they may be ultimately successful on appeal. The defendants in the cases now on appeal have changed the form of their

machines, and a motion is now pending in that action to punish them for contempt, but it is as yet undecided.

The court feels that the granting of this motion would only delay final hearing, which can be had at any term of the court. Inasmuch as the injunction is in terms against "infringing machines," and not in terms against the defendants' form of device, it would seem that a proper case for preliminary injunction was made out. The defendants cannot expect to prevail in this district on the ground of non-infringement, as their device is admittedly like those already enjoined, and there seems to be no sound reason for charging laches in bringing the suit. Any hardship involved is only that necessarily involved by the court's decree, which can be tested only by appeal.

The motion must be denied.