STANDARD PAINT Co. *v.* REYNOLDS *et al.*

*(Circuit Court, D. New Jersey.   August 20, 1890.)*

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—INJUNCTION.
  Where the answer denies the charge of infringement, and shows that the novelty of plaintiff's invention is doubtful, a preliminary injunction should not be granted.

In Equity.
*Felix Jellinik* and *Willard Parker Butler*, for complainant.
*T. B. Wakeman*, for defendants.

GREEN, J.   This matter is brought before the court upon a motion for a preliminary injunction based upon the bill of complaint, the answer of the defendants, and the accompanying affidavits. The complainant, in its bill, charges the infringement of certain letters patent granted to its assignors, Pearce & Beardsley, for "an improvement in the production and manufacture of paper, having water-proof, non-conducting, and other valuable properties and qualities," which letters patent are numbered "No. 378,520," and bear date February 28, 1888. The invention protected by these letters patent consists in the coating, impregnating, or saturation of paper with a product or substance known as "maltha," which is defined to be "the solid residuum obtained in the distillation of the heavier grades of petroleum." The bill charges that the defendants are manufacturing and putting upon the market a paper which is identical, practically, with the paper which the complainant manufactures under the letters patent referred to; and is rendered identical by being coated, impregnated, or saturated with "maltha" in palpable and direct infringement of the complainant's rights, and to its great pecuniary loss, and hence they invoke the remedial power of the court. The defendants have answered under oath, fully denying every material

allegation of the bill. Especially emphatic is their denial of infringement. They admit the manufacture of a paper possessing in a high degree the qualities, virtues, and characteristics of the paper manufactured by the complainant under its letters patent, but they positively deny the use of "maltha," or any equivalent of "maltha," in such manufacture. They claim to have invented a new compound, never before known, which applied to paper, produces the result they seek, and for which compound they have applied for letters patent, which letters have been granted since the answer was filed. They give frankly the formula of this compound. Apparently maltha does not form a part of it. Beyond this denial of the chief allegations and charges of the bill the answer goes still further. The defendants boldly charge and assert that the patent of the complainant is wholly invalid because of lack of novelty in, and the prior use of, the alleged invention, and both American and English patents are annexed to the answer, antedating by several years the patent of the complainant, in which the coating of paper, by the residuum of the distillation of petroleum, is claimed by the respective patentees. The affidavits annexed to the bill and answer are strongly corroborative of the charges, allegations, and statement made in each, respectively, and are, of necessity, therefore, very contradictory.

It is a well-settled practice when the material allegations of a bill are fully denied in the answer, under oath, that no injunction will issue before final hearing. And this is quite strictly adhered to, although the bill discloses grounds of equitable relief. In the case under consideration there are clear, explicit, and circumstantial denials by the defendants, under oath, of every allegation made and put forward by the complainant as a basis for the granting of the preliminary injunction. Such denials must be a bar to the complainant's present right to the writ. As the case is now presented to the court upon the pleadings, the equities of the bill are fully answered. Of course, under these circumstances, there can be no preliminary injunction at this stage of the cause. But were this not so, there is another feature in the cause which must defeat the complainant's motion. The answer not only denies the alleged infringement, but as well calls in question the validity and force of the letters patent in question. The defendants charge want of novelty and prior use, and they produce before the court, in support of these allegations, affidavits of reputable witnesses testifying thereto, as well as letters patent, both English and American, which certainly antedate the patent of Pearce & Beardsley, and appear, to some extent, at least, to cover or comprise identical or strongly similar inventions to that claimed in this cause. A very serious question is thus raised, and one which ought not to be determined or disposed of on a motion for a preliminary injunction. In *Illingworth* v. *Spaulding,* 9 Fed. Rep. 154, a case very similar to the one under consideration, Judge NIXON, in this court, used this terse language:

"This is an application for a preliminary injunction. None should ever be granted where the answering affidavits show a reasonable doubt about the novelty or validity of the complainant's patent. The complainant, in such

v.43F.no.4—20

case, must wait for his injunction until the final hearing, when the court will be better able, upon the proofs, to ascertain the facts."

I think the practice, so approved by Judge NIXON, is sound, and I shall follow it. The motion for preliminary injunction is denied.