### FRANK v. WM. P. MOCKRIDGE MANUF'G CO.

(Circuit Court, D. New Jersey. January 5, 1895.)

PATENTS—CUFF FASTENER—INFRINGEMENT.

> The Frank patent No. 397,119, for an improvement in cuff fasteners, in view of its claims and the prior state of the art, covers only the specific form of hook therein described, and is not infringed by defendant's fastener.

This was a bill by Henry C. Frank against the Wm. P. Mockridge Manufacturing Company for infringement of a patent for cuff fasteners.

William P. Preble, Jr., for complainant.

Lanphear H. Scott, for defendant.

ACHESON, Circuit Judge. The bill charges the defendant with the infringement of the claims of letters patent No. 397,119, dated February 5, 1889, granted to Henry C. Frank, the plaintiff, for an improvement in cuff fasteners. The claims are as follows:

(1) In a cuff fastener, the hinged hook, D, D1, D2, D3, and shank, E, in combination with each other and with the spring, M, and clasp, G, arranged for joint operation as herein specified. (2) In a cuff fastener, the swivel, E1, formed on a rigid extension of the shank, E, in combination with the hook, D, D1, D2, D3, and with the spring clasp, G, the fastener being adapted to serve right or left at will, while holding itself rigid longitudinally, as herein specified.

Upon the face of the specification it appears that this alleged invention is an improvement in a cuff fastener previously devised and patented by the plaintiff, which consisted of a spring clasp to take hold of the edge of the opening in the shirt sleeve, a rigid hook to engage with the buttonhole of the cuff, and a flexible connection, by means of a chain, between the clasp and the hook. The improvement consists in substituting for the flexible connection a rigid connection by means of a shank, and a hinged hook actuated by a spring in lieu of the rigid hook; the clasp turning upon the shank by a swivel joint. The proofs show that all the elements of the two claims in suit were old in this particular art. The prior patents relating to cuff holders, in evidence, show a swiveled spring clasp, a rigid shank, and a spring-actuated hinged hook, each acting in the same manner, and performing the same function, as the like part in the patent in suit, although not met with in the identical combination of this patent. In view of the prior devices, it is extremely difficult to sustain the patent in suit under the decisions of the supreme court. Hendy v. Iron Works, 127 U. S. 370, 375, 8 Sup. Ct. 1275; Burt v. Evory, 133 U. S. 349, 359, 10 Sup. Ct. 394; Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20; Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81. If, however, it can be affirmed that a combination involving invention in a patentable sense is here shown, the claims must be narrowly construed. Not only does the prior state of the art require this, but the terms of the claims and the proceedings in the patent office imperatively demand a limited construction. In his specification the plaintiff describes his hinged hook thus:

"A hinge, e, connects the shank, E, to a hook, D, D1, D2, D3. When the device is engaged with a cuff, and conditioned for use, the part D1 extends nearly or exactly in line with the part E. The part D2 extends nearly at right angles to D3, and the part D extends in the general direction toward the clasp, G, curved as shown. A short arm, D, extends from the hinge, e, nearly in the plane of the shank, E. This arm, D, is subject to the force of a flat spring, M, which is strongly and stiffly held on the inner face of the shank, E, by rivets E2. * * * Figs. 7 and 8 show modifications in the form of the hook in the part D2. Either form may be used. I prefer that shown in Figs. 4 and 5."

"The hook, D, $D^1$, $D^2$, $D^3$," is a specified constituent of each claim. Its form, as we have seen, is described with great particularity in the specification, and the relation of the several parts to each other set forth. Special mention is made of the position of the part $D^1$ with respect to the shank, E, "when the device is engaged with a cuff, and conditioned for use." It will be perceived that the suggested modifications are "in the form of the hook in the part $D^2$." Those modifications do not involve any change in the position of the part $D^1$ with respect to the shank, E, nor in the relation of the four different parts of the hook to each other. It is impossible to read the specification and claims, especially in the light afforded by the prior patents, without discerning that it was understood both by the applicant and the patent office that the peculiarly formed hook designated by the letters D, $D^1$, $D^2$, $D^3$ entered into the invention as patented. The proposed modifications in the form of "the part $D^2$" rebut the idea that the patentee contemplated any other changes in the described hook. Snow v. Railway Co., 121 U. S. 617, 630, 7 Sup. Ct. 1343. A patentee, in a suit upon his patent, is bound by the claim therein set forth, and cannot go beyond it. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274. It was, therefore, in that case held that a claim for "the construction of the lower chords of truss bridges of series of wide and thin drilled eye bars, C, C, applied on edge between ribs, S, S, on the bottoms of the posts, and connected by pins, P, P, supported in the diagonal tension braces, D and E, all substantially as herein described," only covered eye bars wide and thin, and applied on edge, and was not infringed by bars cylindrical in form, only flattened at the eye for insertion between the ribs or projections of the posts. It is needless to multiply authorities upon this point. The patentee, at the most, made here a very slight advance in this art, and he must be confined to a construction of the precise form and arrangement shown and claimed by him. Bragg v. Fitch, 121 U. S. 478, 7 Sup. Ct. 978; Snow v. Railway Co., 121 U. S. 617, 7 Sup. Ct. 1343.

There is still another reason for holding the patentee strictly to his specified hook. As originally framed, claim 2 was in these words:

"In a cuff fastener, the rigid swivel, $E^1$, connecting the shank, E, of a long hook, with a spring clasp, G, so as to allow of the fastener being adapted to serve right or left at will, while holding itself rigid longitudinally, as herein specified."

The office having rejected this claim, the applicant changed it to its present form. The term "long hook" was eliminated, and "the hook, D, $D^1$, $D^2$, $D^3$," introduced as an element of that claim, as it already was of the other allowed claim. The effect of this is to preclude the patentee from so reading his claims as to embrace therein other distinct forms of hooks. Sargent v. Lock Co., 114 U. S. 63, 5 Sup. Ct. 1021; Roemer v. Peddie, 132 U. S. 313, 10 Sup. Ct. 98; Knapp v. Morss, 150 U. S. 221, 229, 14 Sup. Ct. 81. The plaintiff's patent being thus construed as covering only the specific form of hook therein described and claimed, it is clear that the defendant does not infringe. The defendant does not use the form of hook described

in the patent, but a bent lever of a substantially different form. Comparing the devices of the patentee and of the defendant, Mr. Stetson, the plaintiff's expert, states:

"There is a substantial difference in the hooks in the fact that the complainant's hook has a part $D^1$, which extends from the axis of motion away from the point, then has a part $D^2$, which extends up to a sufficient height to allow for two thicknesses of cuff, and then extends to the point by a long arm, $D^3$, while defendant's hook omits the part $D^1$, and extends from the center upwards, corresponding to the part $D^2$, and thence forward to the point corresponding to the part $D^3$."

Mr. Stetson further states that the peculiar form of hook of the patent "gives a quality of enduring very hard pulls," but that this feature is not important in this device for holding cuffs to shirt sleeves, and that the part $D^1$ is not essential. The patentee, however, seems to have been of a different opinion. At any rate, he has made $D^1$ a material part of his hook. Waiving the question of patentability, we sustain the defense of noninfringement. Let a decree be drawn dismissing the bill, with costs.