POTTER DRUG & CHEMICAL CORP. v. MILLER et al.

(Circuit Court, E. D. Pennsylvania. May 1, 1896.)

TRADE-MARK—INFRINGEMENT.

"Cuticura," as a trade-mark for a toilet soap, is infringed by the word "Curative," applied to a different soap, with such lettering and arrangement as to produce a deceptive resemblance to said trade-mark. Held, therefore, that such a use should be enjoined, especially where defendant's soap was put up in wrappers and boxes, and with imitative devices, calculated

to mislead, and which did in fact mislead, purchasers; it further appearing that one of the defendants was shown to have intended to mislead them.

This was a suit in equity by the Potter Drug & Chemical Corporation against Miller and others for alleged infringement of a trademark.

Francis Rawle, for complainant.
A. S. Johns, for defendants.

ACHESON, Circuit Judge. For several years before the filing of this bill the plaintiff company was engaged in the extensive manufacture and sale of a medicated toilet soap, designated and branded "Cuticura Soap." The word "Cuticura" originated with the plaintiff's predecessors in business, and it has been used as a trade-mark for such soap by the plaintiff and its predecessors continuously since about March, 1878. Undoubtedly, when the word was coined and adopted it was a valid trade-mark, and the evidence establishes that the plaintiff company has the exclusive right to its use as a trademark in its said business. In the summer or fall of the year 1893, shortly before the institution of this suit, the defendants put upon the market a medicated toilet soap, designated and branded "Curative," the lettering and arrangement being such as to produce a deceptive resemblance to the plaintiff's trade-mark. In my judgment, this use by the defendants of the word "Curative" was a violation of the plaintiff's trade-mark, "Cuticura." Celluloid Manuf'g Co. v. Cellonite Manuf'g Co., 32 Fed. 94. Moreover, it clearly appears from the evidence that the defendants' soap was put upon the market in such wrappers and boxes, and with such imitative devices, as to deceive purchasers, and to lead them to believe that they were buying the plaintiff's soap. Still further, the proofs conclusively show that at least one of the defendants, namely, Bates McGraw, acted in this matter with positive bad faith, intending to deceive the public. It is shown that purchasers were actually misled. A preliminary injunction against the defendants having been granted in this case, the defendants subsequently changed the style of their boxes, substituting blue boxes for the enjoined black boxes. By that change, however, the defendants did not escape infringement of the plaintiff's rights. The blue boxes in other respects so closely resemble the plaintiff's boxes that unsuspicious purchasers would likely be misled. Let a decree be drawn in favor of the plaintiff.