WILLIAMS et al. v. BREITLING METAL-WARE MANUF'G CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 333.

PATENTS—PRELIMINARY INJUNCTION.

A preliminary injunction should be denied, though substantial similarity between the two devices is practically conceded, where the patent is attacked for want of novelty and invention, and there has been no adjudication sustaining it, and where there is no showing of public acquiescence, or of defendant's inability to respond in damages.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This suit is brought to restrain the infringement of letters patent No. 554,044, dated February 4, 1896, issued to the appellant, Edward L. Williams, for a bicycle lamp.

The patentee states, in his specification, that the object of his invention is "to produce a serviceable and compact bicycle lamp from materials which are easily workable and adapted to be economically wrought into such forms as to secure great strength as well as lightness, and provide suitable spaces for the lamp accessories, such as the reflector and colored glasses." He states that, in carrying out his invention, "I make the body of the lamp or lantern globular in form, by spinning such body from a single piece of sheet metal. This globular body is provided with circular openings in three of its sides, to one of which is fitted a perforated base ring, affording ventilation at the bottom, and having a slitted and corrugated flange, providing spring tongues for attaching the oil reservoir and wick tube. To the top opening is fitted the dome, also adapted for ventilation, and to the side opening is fitted a hinged door carrying the front lens or bull's-eye. All of the parts above mentioned are made of sheet metal and spun into form. The lamp is provided with the usual or suitable means for attaching it to a bicycle, and is adapted to burn any illuminating fluid."

The claims of the patent are as follows: "(1) A bicycle lamp having its body or flame chamber composed of a single sheet of metal, wrought into hollow spherical form, and provided with openings in its top and bottom for the attachment of the ventilator dome and burner, respectively, and having, also, an opening in its front of less diameter than that of the body, and a glass fitted to said opening, a burner arranged in the vertical axis of the flame chamber, air-inlet openings below the flame, and the interior of the flame chamber having curved surfaces only, over which the air currents may pass without deflection upon the flame, substantially as described. (2) A bicycle lamp having a sheet-metal body, of spherical form, provided with a circular opening in its bottom, a ventilating ring

secured in said opening, and having its lower edge circumferentially corrugated and vertically slitted, and an oil-reservoir provided with a cylindrical corrugated flange adapted to be forced over the slitted portion of the ventilating ring, substantially as described. (3) A bicycle lamp having a hollow spherical body, formed of a single sheet of metal, and providing a flame chamber whose transverse and vertical diameters are equal, and having an opening in its bottom, a burner arranged in said opening, and, in the vertical axis of the flame chamber, air-inlet openings arranged concentrically to the burner and below the flame, and an outlet for the vitiated air at the top of the chamber, substantially as described."

On the 18th of May, 1896, the complainants filed a bill of complaint in the court below, in the usual form, alleging infringement of this patent by the defendant, and gave notice of a hearing of a motion for injunction on the 25th of May following. This motion was heard on the 26th of May upon the bill and certain affidavits on behalf of the complainants in support of the patent and of infringement by the defendant. On behalf of the defendant certain affidavits were filed,—one by a patent expert, attacking the novelty of the patent in suit, and disputing that it represented invention, and likewise claiming that the alleged invention was anticipated by a patent, for improvement in lamp, No. 38,457, issued to James S. Atterbury and Thomas B. Atterbury, dated May 12, 1863. Certain affidavits in rebuttal were also presented, tending to impeach the evidence attacking the patent and to sustain the invention of the complainants' patent. On the 26th of May, 1896, the court below overruled the motion, and denied the preliminary injunction. Thereupon the complainants prayed an appeal, which was allowed, and the cause was heard in this court on the 8th day of June, 1896.

C. K. Offield and C. Linthicum, for appellants.

Louis K. Gillson, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after stating the case, delivered the opinion of the court.

In Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, and 56 Fed. 718, this court declared the doctrine which must prevail in this circuit respecting the allowance of preliminary injunctions in patent cases. We there said that to authorize a court, in advance of a decree upon the merits, to allow an injunction, not only must the infringement be without reasonable doubt, but the rights of the patentee must be clear; and, failing prior adjudication in favor of the validity of the patent, there must be shown such continued public acquiescence in the exclusive right asserted as raises a presumption of validity not arising from the letters patent alone; and that, if the controversy between the parties be substantial, and not colorable merely, courts of equity are not disposed to adjudicate upon the rights of parties otherwise than according to the approved usages of chancery. In George Ertel Co. v. Stahl, 24 U. S. App. 567, 13 C. C. A. 31, and 65 Fed. 519, we approved and followed this ruling, and that case must now be taken to declare the settled doctrine in this circuit. There is here apparently no contention that the lamp manufactured and sold by the appellee is not substantially a counterpart of the lamp of the appellants' patent. With respect to the attack upon the patent itself, we need not at this time express any opinion upon the question. The motion for an injunction was heard within eight days after the filing of the bill, before any answer could properly be required, and before answer filed. The validity of the patent, as well as the attack upon it,

rests wholly upon ex parte testimony, which we observed in Stand ard Elevator Co. v. Crane Elevator Co., supra, to be not wholly reliable. We are not satisfied that the attack upon the patent is pretentious merely, or that it is offered or tendered in bad faith. It may fail to be sustained, but it is not manifestly without foundation, and so ineffective to secure the appellee an opportunity to present his defense according to usual procedure in like cases. This patent has never passed judicial scrutiny. It was but recently issued, some four months prior to the hearing upon the motion for injunction. If public acquiescence could be inferred, under any circumstances, within that brief period, it certainly does not exist in this case, for there are at least three different infringements complained of, and acquiescence is shown by one party only. In George Ertel Co. v. Stahl, 24 U. S. App. 571, 13 C. C. A. 33, and 65 Fed. 521, we said:

"The special presumption of the validity of the patent arising from public acquiescence is not indulged, unless such acquiescence exists when it would not be for the interest of manufacturers and users that it should be yielded, and so exhibiting a genuine conviction of the validity of the patent based upon investigation, and continuing for such length of time, that it may be said the conviction was generally entertained."

It was earnestly urged to our consideration that unusual conditions existed here, which should be persuasive to the allowance of the injunction in this cause. The argument was with respect to the bicycle. Every part of its construction is fugitive and changeable from year to year, and with respect to the lamp in question, while its usefulness at the present was strongly asserted, it was, nevertheless, urged that it was likely during the present year to be superseded by an electric lamp which would render the appellants' lamp useless. If the argument be well founded in fact, it would be a strong attack upon this lamp as a useful invention, within the meaning of the patent law; and, if it be true that the lamp in question is likely to be speedily superseded,—since there is here no attack upon the financial ability of the alleged infringer to respond in damages, while, on the contrary, it has been shown affirmatively that it is abundantly responsible,—there would seem to be no necessity for the injunction, since the inventor, if his lamp is to have such brief existence, could be fully compensated, and would be aided by the active exertions of the infringer in placing the lamp on the market during the short term of its life. It is true the inventor claims that, by reason of the appearance of this infringing lamp, he reduced the price of his own lamp, to maintain it upon the market, and to undersell the infringing lamp. That, however, was a voluntary, and possibly ill-advised, act on his part, since, if his patent should be sustained, he could recover damages measured by the market price of the lamp as he had established it, and not by the price which an infringer may receive for it.

We perceive no special equity which should take this case out of the general doctrine with respect to injunctions. The order appealed from will be affirmed.