POSTAL TEL. CABLE CO. v. NETTER.

(Circuit Court, E. D. Pennsylvania. June 15, 1900.)

1. PATENTS—SUIT FOR INFRINGEMENT—NECESSARY PARTIES.

An assignee of the exclusive right, jointly with the assignor, to use a patented design, cannot maintain a suit for infringement of the patent without joining the assignor.

2. TRADE-MARKS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

To justify a preliminary injunction against infringement of a registered trade-mark, as in case of a patent, both the right and the injury asserted must be clearly shown.

In Equity. Suit for infringement of a patent and a trade-mark. On motion for preliminary injunction.

Frank Shattuck, for complainant.
Furth & Singer, for respondent.

DALLAS, Circuit Judge. The bill of complaint in this case charges the defendant with infringement of a certain design patent and also of trade-mark. The moving papers do not include a copy of the patent, but in the affidavit of the vice president and general manager of the complainant corporation it is said that "the leading feature of the said design consists in the representation of the Atlantic Ocean, half of the terrestrial globe, irregular lines being shown as extending across the said ocean, and the whole being surrounded by a cable-like border so located as to leave a margin directly about the central representation." The copies of the complainant's envelopes and blanks which are annexed to the bill do not display any design

which corresponds with this description, unless, perhaps, in the case of one of the complainant's receiving blanks; and the exhibits to the bill which are respectively marked "Fac Simile Defendant's Envelope" and "Fac Simile Defendant's Blank" are, as respects "the leading feature of said design," quite unlike the envelope or any of the blanks annexed to the bill as being those of the complainant. Moreover, the bill is plainly defective in that it lacks a necessary party. The plaintiff's title to the patent, as stated in the bill, rests upon an instrument of writing, whereby "the Commercial Cable Co. granted to the said Postal Telegraph Cable Co. the exclusive right, jointly with itself, to make, sell, and use the improvements described and claimed in the said letters patent," etc. A grantor who retains such an interest in the patent as the Commercial Company is thus admitted to have reserved must be made a party to a suit for its infringement. Curt. Pat. § 403 et seq.; Rob. Pat. § 1099, and cases cited in notes. The main reliance of the plaintiff is, however, upon the alleged violation of trade-mark. But its case is no stronger on this ground than on the other. It stands upon the statutory registrations referred to in its bill; and necessarily does so, for it is only of suits upon trade-marks registered under the acts of congress that this court has jurisdiction without regard to the amount in controversy, and the bill contains no averment respecting the sum or value of the matter in dispute. Furthermore, it is clear that the defendant has not affixed the trade-mark complained of to any "merchandise" within the meaning of the statute (Act March 3, 1881; Rev. St. Supp. p. 323, § 7); and the weight of the proofs is plainly against the plaintiff on the question as to whether any person is likely to be imposed on by the use made by the defendant of the stationery complained of, and there is no evidence that any one has in fact been misled. "As has frequently been said, to justify a preliminary injunction the plaintiff's case must be clear in all respects;" and certain it is that neither as to patent nor trade-mark has this plaintiff clearly established either the right or the injury which it asserts. Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814. The motion for a preliminary injunction is denied.