## LONG ARM SYSTEM CO. v. NEW YORK SHIPBUILDING CO. et al.

### (Circuit Court, D. New Jersey.  August 3, 1905.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted in a suit for infringement of an unadjudicated patent of recent date, the validity of which is seriously contested, both in argument and by affidavits of experts.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity.  Suit by the Long Arm System Company against the New York Shipbuilding Company and others.  On motion for preliminary injunction.  Denied.

Ernest Wilkinson and Melville Church, both of Washington, D. C., for complainant.

Frederic R. Betts, James R. Sheffield, James J. Cosgrove, and William H. Davis, all of New York City, for defendants.

LANNING, District Judge.  This application is based on bill, answer of the New York Shipbuilding Company, and affidavits.  By the bill the complainant charges the New York Shipbuilding Company with having infringed four patents owned by the complainant, being No. 605,399, for hydraulic mechanism for closing bulkhead doors, dated June 7, 1898, No. 650,973, for improvements in electrical systems for water-tight doors, dated June 5, 1900, No. 651,004, for improvements in water-tight bulkhead doors, dated June 5, 1900, and No. 729,280, for improvements in electrically operated systems for closing water-tight doors, hatches, or the like, dated May 28, 1903. The discussion relates to claims 1, 2, 3, 5, 6, 7, 9, 10, 12, and 14 of patent No. 650,973, and claims 5 and 6 of patent No. 651,004.  The conclusion I have reached is that a preliminary injunction cannot be granted.  None of the patents has ever yet been adjudicated to be valid.  They are all of recent date.  Their validity is stoutly denied by the affidavits of the defendants' experts and the arguments of the defendants' counsel.  I think the complainant has failed to establish a case free from reasonable doubt.  The record of the case shows that one of the complainant's counsel himself thought, when patents Nos. 650,973 and 651,004 were first submitted to him, that they could not be upheld.

I am quite clear that the well-established rule of practice in regard to the granting of preliminary injunctions to restrain the infringement

of patent rights requires that in this case no injunction shall be allowed until the complainant shall have shown on full proofs on final hearing its right thereto. Many cases in which this rule has been applied might be referred to, but I mention only Standard Paint Co. v. Reynolds (C. C.) 43 Fed. 304, and Rogers Typographic Co. v. Mergenthaler (C. C.) 58 Fed. 693, decided in this court, Whippany Mfg. Co. v. United Indurated Fibre Co., 87 Fed. 215, 30 C. C. A. 615, decided in the Circuit Court of Appeals of this circuit, and Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A. 100, George Ertel Co. v. Stahl, 65 Fed. 519, 13 C. C. A. 31, and Williams v. Breitling Metal-Ware Mfg. Co., 77 Fed. 285, 23 C. C. A. 171, decided in the Circuit Court of Appeals of the Seventh Circuit.

The application is therefore denied.