THERMOGENE CO., Limited, v. THERMOZINE CO., Inc.

(Circuit Court of Appeals, Second Circuit. May 24, 1916.)

No. 275.

TRADE-MARKS AND TRADE-NAMES ⬤▭3(4)—NAMES SUBJECT TO TRADE-MARK—DESCRIPTIVE NAMES—"THERMOGEN."

The word "thermogen," which is an English word derived from the Greek, is practically synonymous with the word "caloric," while the word "thermogene" is the French equivalent for that same word. *Held* that, as such word is a descriptive term, no trade-mark therein can be acquired, so as to prevent other manufacturers of similar goods from using a similar designation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 7; Dec. Dig. ⬤▭3(4).]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the Thermogene Company, Limited, against the Thermozine Company, Incorporated. From a decree (225 Fed. 446) dismissing the bill, complainant appeals. Affirmed.

On appeal by the complainant from a final decree dismissing the complaint which alleges infringement of the complainant's trade-mark "Thermogene." Judge Augustus N. Hand held that the word "thermogene" is not arbitrary or fanciful, but is a descriptive term and is, therefore, not the subject of a trade-mark. (D. C.) 225 Fed. 446.

Lanier McKee and Arthur W. Barber, both of New York City, for appellant.

Frederick M. Czaki, of New York City, for appellee.

Before COXE, Circuit Judge, and HOUGH and MAYER, District Judges.

COXE, Circuit Judge. The word "thermogen" is an English word derived from the Greek and is practically synonymous with the word "caloric." It means to bring forth heat. Either of these words could be used by the parties to this controversy in describing its wares. This being so, it seems contrary to reason to assert that the addition of the final "e" so changes the word "thermogen" that it may be monopolized by an individual or a corporation to designate a particular line of merchandise. It is the same word whether we adopt the French spelling "thermogene" or the English spelling "thermogen." In both cases it has the same meaning and if one cannot be monopolized by a single individual to designate his wares, neither can the other. The complainant might as well have attempted to pre-empt "chlorine" or "caloric."

There can be no doubt that the word which is the subject of the trade-mark—thermogene—whether it be spelled with or without the final "e," whether it be treated as having an English or a French derivation, is a word descriptive of that which owes its birth to heat. No one person can monopolize such a word by procuring a trade-mark. We agree with the District Judge that the reasoning of the Supreme Court in the case of Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536, is applicable to the case in hand. In that case the trade-mark of the Paint Company was "Ruberoid" and the court said at page 455 of 220 U. S., at page 458 of 31 Sup. Ct. (55 L. Ed. 536):

"The word, therefore, is descriptive, not indicative of the origin or the ownership of the goods; and, being of that quality, we cannot admit that it loses such quality and becomes arbitrary by being misspelled. Bad orthography has not yet become so rare or so easily detected as to make a word the arbitrary sign of something else than its conventional meaning, as different, to bring the example to the present case, as the character of an article is from its origin or ownership."

The decree is affirmed with costs.