ESTA CO. v. BURKE.

(District Court, E. D. Pennsylvania. May 8, 1919.)

No. 1861.

1. PATENTS ⊜⇒294—TRADE-MARKS AND TRADE-NAMES ⊜⇒95(1)—SUIT FOR IN-
FRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted, in a suit for infringe-
ment of a patent or trade-mark, where both validity and infringement
are doubtful.

2. COURTS ⊜⇒292—JURISDICTION OF FEDERAL COURTS—SUIT FOR UNFAIR COM-
PETITION.

Jurisdiction of a suit for unfair competition is not conferred upon a
federal court by joining with it a separate cause of action for infringement
of a patent or trade-mark.

In Equity. Suit by the Esta Company against Alfred W. Burke,
trading as the Automobile Devices Company. On motion for prelimi-
nary injunction. Denied.

James S. Williams, of Philadelphia, Pa., and Samuel E. Darby, of
New York City, for plaintiff.

Carl A. Richmond, of New York City, for defendant.

THOMPSON, District Judge. The plaintiff is a corporation of the
state of Massachusetts, having offices and doing business at Boston,
Mass., and the defendant is a citizen and an inhabitant of Philadelphia,
Pa., in the Eastern district of Pennsylvania.

The bill sets up that the plaintiff is the owner, through assignments,
of patent No. 1,167,619, issued to Esten Beeler January 11, 1916, up-
on an application filed June 27, 1914. for improvements in bubble-
making machines. The object of the invention is to produce bubbles
in large quantities of a very dry nature in any size desired for display
and theatrical illusions or other purposes. The single claim is for:

"The combination in a bubble-making machine of a tank or suitable con-
tainer having a false bottom with a plurality of small holes therein, means for
introducing compressed air beneath said false bottom, and a solution of
bubble-making properties maintained above such false bottom, all substan-
tially as set forth."

The plaintiff has used the invention embodied in the letters patent
in a device or apparatus for humidifying the air supply to internal com-
bustion engines, marketed under the name "Esta water auxiliator."

The plaintiff is also the owner by assignment of a trade-mark for
humidifiers for internal combustion engines, registered September 25,
1917, consisting of the word "Auxiliator."

The bill charges infringement of the plaintiff's patent, and of its
registered trade-mark, and unfair competition in trade, in that, as al-
leged, the defendant has made, used, and sold humidifiers for internal
combustion engines, made according to and employing and containing
the plaintiff's patented invention and improvement, and used in con-

nection therewith the word "Ox-Iliator," which the plaintiff claims is in such near resemblance to its trade-mark "Auxiliator" as to be calculated to deceive the purchasing public, and to cause confusion in the trade, and to lead the public, which had become familiar with the plaintiff's trade-mark in connection with the same character and quality of devices, to believe that, in purchasing the alleged infringing devices of the defendant, it was really purchasing devices manufactured and sold by the plaintiff, and that the defendant is continuing his unlawful acts, and threatens to make, use, and sell infringing devices in large quantities, and to use thereon and in connection therewith its simulation of plaintiff's trade-mark, and to take advantage of and benefit by the trade, reputation, and standing of the plaintiff.

The bill charges more specifically that the defendant has employed and used extracts from a certificate of test made by the technical committee of the Automobile Club of America of the plaintiff's "Esta water auxiliator" in connection with his advertisements of his alleged infringing device; that for the purpose of unfairly competing with and injuring the business of the plaintiff he has copied in the printed leaflet of instructions, which he supplies to his customers, the printed leaflet of instructions to users of the plaintiff's devices, which it had prepared with great care and expense; that the defendant, prior to his alleged career of infringement of the patent and of the trade-mark, and of methods of unfair business competition, had negotiations with the plaintiff in the endeavor to secure the sales agency for the plaintiff's devices, and is taking advantage of information disclosed by the plaintiff, in seeking to employ the plaintiff's agents, dealers, and distributors, and is unlawfully interfering with and injuring plaintiff's business; That he is marketing, and threatens to continue to market an inferior article in the infringing device complained of, employing poor workmanship and material, and at a lower price than that at which plaintiff is able to sell its product.

The plaintiff moves for a preliminary injunction upon each of the three grounds set out in its bill, namely, infringement of its patent, infringement of its registered trade-mark, and unfair competition in trade.

From the injunction affidavits, and the exhibits of plaintiff's device and the defendant's device, it is apparent that the two devices are practically identical in their means of supplying humidified air for internal combustion engines for automobiles.

The plaintiff is met at the outset of his case, however, with the claim of the defendant that neither the Esta water auxiliator nor the Burke air moistener, or ox-iliator, is made or operated in accordance with the Beeler patent, and that the Beeler claim is anticipated by devices of the prior art.

[1] Without going into detail in discussing the defenses as to the patent in suit, it is sufficient to say that the prior patents cited by the defendant raise such reasonable doubt of the validity of the patent in suit, and that the application of the patent to either the Esta water auxiliator or the Burke ox-iliator is sufficiently doubtful, to deny the plaintiff the right to a preliminary injunction. Long Arm System Co. v.

New York Shipbuilding Co. (C. C.) 207 Fed. 955; Williams v. Breitling Metal-Ware Mfg. Co., 77 Fed. 285, 23 C. C. A. 171.

This rule applies with greater force because the application of the invention to humidifiers for internal combustion engines is of but recent date, and its validity as an invention for soap bubble making machines has, as far as appears, never been adjudicated, nor had such continued public acquiescence as to raise a presumption of validity.

The plaintiff's right to a preliminary injunction for infringement of the Beeler patent was not asserted with apparent confidence at the argument, nor in the plaintiff's brief, although its counsel strongly urged its right to a preliminary injunction to restrain infringement of its trade-mark and unfair competition. Under the charge of infringement of the registered trade-mark "Auxiliator," the affidavits present a strong case of the intentional use by the defendant of a close imitation in adopting for his device the word "Ox-Iliator." The relations of the parties prior to the commencement of the defendant's manufacture and sale of his device, through which he gained inside confidential knowledge of the plaintiff's business methods, its sales agencies, and the merits of its device, his reference in his advertising to and his quotation of the official test of the technical committee of the Automobile Club of America, known as "Certified Test No. 36," and, in a less degree, his copying in extenso the plaintiff's printed leaflet of instructions to users of the plaintiff's device, point to an intention upon his part to unfairly appropriate to himself the merits of the plaintiff's device and the advantages of what the plaintiff had accomplished in its business.

[2] As to unfair competition, however, the plaintiff has neither set up in its bill nor proved the jurisdictional facts necessary for relief. While it has set up and shown diversity of citizenship, jurisdiction in a case of unfair competition is further conditioned upon the matter in controversy exceeding the value of $3,000, and the plaintiff has neither alleged in the bill nor proved that jurisdictional fact. The requisite amount in controversy is as essential as diversity of citizenship, and not having been averred, in accordance with equity rule 25, nor proved in the moving affidavits, the court, under section 24 of the Judicial Code, is without jurisdiction to pass upon the question. Neither charges of infringement of a patent nor a registered trade-mark are sufficient to confer jurisdiction in matters which are the subject of separate causes of action, distinct in their nature, at least until validity and infringement are established. Postal v. Netter (C. C.) 102 Fed. 691; Unit Construction Co. v. Huskey Mfg. Co. (D. C.) 241 Fed. 129; Mecky v. Grabowski (C. C.) 177 Fed. 591; Planten v. Gedney, 224 Fed. 382, 140 C. C. A. 68; Detroit Showcase Co. v. Kawneer Mfg. Co., 250 Fed. 234, 162 C. C. A. 370.

Coming to the charge of infringement of the registered trade-mark, has the plaintiff made out a case of such reasonable certainty as to justify the court in restraining the defendant from the use of the word "Ox-Iliator"?

There is not the slightest resemblance in appearance between the plaintiff's device and that of the defendant's. No one who had seen

the plaintiff's device could be deceived through similarity of appearance into purchasing one of the defendant's. The defendant's mark consists of the words "Burke Ox-Iliator," so that, in the absence of any evidence of the public, or even of a single purchaser, being deceived, the determination of the question, if the plaintiff has establishd its right to a trade-mark, would, depend upon whether the word "Ox-Iliator," in connection with the defendant's name, is in itself sufficient to mislead and deceive. Assuming, however, that, being idem sonans, it would tend to deceive and mislead, the plaintiff must make out a case of registration of a symbol or a word indicating origin or ownership, rather than a word descriptive of the thing sold. From the proofs, it appears that the plaintiff has registered two separate trade-marks—the word "Esta" and the word "Auxiliator." Without the word "Esta," it is not free from doubt that the proofs show that the word "Auxiliator" indicates the origin or ownership of the plaintiff's device.

It appears, from the evidence contained in the affidavits, the plaintiff's device is intended to aid in the combustion of the fuel going into the cylinders of the automobile engine, preventing the accumulation of carbon, cleaning from the cylinders that already deposited, and aiding in reduced consumption of fuel and the power and efficiency of the motor.

In the plaintiff's advertisements and in the label upon its device the words "Esta Water Auxiliator" indicate that the thing sold is described as an auxiliator. The word "auxiliator" is a Latin word, meaning "helper; assistant." It is closely related, as the defendant's counsel has pointed out, to the familiar English noun "auxiliary," meaning "helper; assistant." In the Italian the word is "Ausiliatore"; in the Spanish and Portuguese, "Auxiliador"—both meaning "helper." Inasmuch as the word "Esta" really indicates origin, and the word "Auxiliator" is used in describing the thing the plaintiff is making and marketing, there is at least sufficient doubt of the right of the appropriation of the word "Auxiliator" as a trade-mark to preclude the granting of an injunction upon the ground of the defendant's use of an imitative mark upon his device. Thermogene v. Thermozine, 234 Fed. 69, 148 C. C. A. 85; Detroit Showcase Co. v. Kawneer Mfg. Co., 250 Fed. 234, 162 C. C. A. 370; Postal v. Netter (C. C.) 102 Fed. 691.

The motion for a preliminary injunction is denied.