### FRANKLIN KNITTING MILLS, Inc., v. FASHIONIT SWEATER MILLS, Inc.

(District Court, S. D. New York. December 22, 1923.)

1. **Trade-marks and trade-names and unfair competition ⬉3(4)—Word "Fashionknit," as applied to knitted articles, held not valid trade-mark.**

   The word "Fashionknit," as applied to knitted articles of clothing, *held* descriptive, and not a valid trade-mark, as it can only mean "knit in fashion" or "fashionably knit."

2. **Trade-marks and trade-names and unfair competition ⬉3(1)—Validity of mark ends where description begins.**

   The validity of a trade-mark ends where suggestion ends and description begins.

In Equity. Bill by the Franklin Knitting Mills, Inc., against the Fashionit Sweater Mills, Inc. Decree for defendant.

Hearing upon a bill in equity to enjoin the infringement of two registered trade-marks. The parties are both citizens of New York, so that the case depends wholly upon the marks, both of which are for the word "Fashionknit," used in one case upon neckties, and in another generally upon knitted cloths or fabric. The plaintiff has used it upon many knitted articles of clothing, including sweaters of the higher quality. The defendant is a jobber of a cheaper grade of sweaters, which it has in the past sold under the name "Fashionit." It still uses the name in its business.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edward M. Evarts, of New York City, for plaintiff.
William E. Warland, of New York City, for defendant.

LEARNED HAND, District Judge.  [1] If I had any latitude in this case, I should enjoin the defendant.  The infringement is obvious enough, and its honesty more than dubious.  Probably the plaintiff could establish—indeed, perhaps, it has even now established—a secondary user, which in a suit at common law would be ample enough to protect it.  But unhappily I have no choice but to dispose of this bill upon principles of trade-mark stricti juris, since, if the trade-marks are not valid, there is no further jurisdiction.  And so the case comes down merely to the validity of the trade-marks as such, especially whether they are descriptive, or denote quality or character.

I have always been at a loss to know why so many marks are adopted which have an aura, or more, of description about them.'  With the whole field of possible coinage before them, it is strange that merchants insist upon adopting marks that are so nearly descriptive.  Probably they wish to interject into the name of their goods some intimation of excellence, and are willing to incur the risk.  In the case at bar the plaintiff, in my judgment, has gone beyond the line, and has chosen a mark which, if not of description, at least designates quality or character.

The word "Fashionknit," being made up of two words of common use, necessarily carries over into their conjunction the meanings of each.  Two such words might indeed be so incompatible that their juxtaposition would make nonsense, as, for example, "Hardsoft" or "Illwell;" but, if they are not, the resulting syllables will generally carry a very perceptible significance.  Here the elements chosen seem to me to fit into what it is true is an awkward, but is yet altogether a comprehensible, word.  As applied to neckties, "Fashionknit" certainly means "knit in fashion" or "fashionably knit"; it can mean nothing, else, and the mind naturally attributes some meaning to the combination of such usual words.  Whether the plaintiff's ties are in fact knit in fashion is irrelevant; at least they assert it.  As applied to sweaters, the same thing is true.  It may be true, though I profess no expertness in the matter, that the possible variations in knitting sweaters are not wide.  That makes no difference; the word, when used of knitted goods, is equivalent to "Fashionmade," which is certainly descriptive, and only such.  I have not the least doubt that it produces the effect intended; that the plaintiff expected its customers vaguely to understand that its clothes were knitted as fashionable clothes should be knitted.

[2] It is quite impossible to get any rule out of the cases beyond this: That the validity of the mark ends where suggestion ends and description begins.  The nearest case is perhaps Judge Hough's decision on "Porosknit," Chalmers Knitting Co. v. Columbia, etc., Co. (C. C.) 160 Fed. 1013, though that mark was more clearly descriptive.  It seems hardly of value to do more than enumerate the nearest cases.  Thus the following were held descriptive:

"Flare Front," Rushmore v. Manhattan Co. (C. C. A. 2) 163 Fed. 939, 90 C. C. A. 299, 19 L. R. A. (N. S.) 269.

"Keepclean," Florence Mfg. Co. v. Dowd Co. (C. C. A. 2) 178 Fed. Rep. 73, 101 C. C. A. 565.

"Holeproof," Holeproof Hosiery Co. v. Wallach Bros. (C. C. A. 2) 172 Fed. 859, 97 C. C. A. 263. The word was indeed protected, but only by virtue of its secondary meaning.

"Bestyette," N. Y. Mackintosh Co. v. Flam (D. C.) 198 Fed. 571. Here Holt, J., supported the mark because it had been used 10 years before the statute went into effect. It is true that he said obiter that it was independently registrable; but that, with all deference, seems to me an inadvertence.

"Dridip," Ungles-Hoggette Mfg. Co. v. Farmers' Hog & Cattle Co., 232 Fed. 116, 146 C. C. A. 308.

"Rubberset," Rubber, etc., Co. v. Devoe (D. C.) 233 Fed. 150.

"Stabrite," In re Charles R. Long, Jr., 280 Fed. 975, 51 App. D. C. 399.

"Dyanshine," Barton v. Rex Oil Co. (D. C.) 288 Fed. 878.

"Ruberoid," Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536.

"Textul," In re Swan & Finch Co., 259 Fed. 990, 49 App. D. C. 94.

"Slo Flo," In re Swan & Finch Co., 259 Fed. 991, 49 App. D. C. 95.

"Thermogene," Thermogene Co. v. Thermozine Co. (C. C. A. 2) 234 Fed. 69, 148 C. C. A. 85.

"Wearever," Aluminum, etc., Co. v. National, etc., Co. (D. C.) 226 Fed. 815. This mark Hazel, J., sustained on the ground of secondary user. It does not appear that he thought it necessary that the secondary user should exist for 10 years before 1905. If not, it seems to me that the decision can hardly be supported. At any rate, he considered the word descriptive, as certainly it was, and would have refused to sustain it without the user.

Confined as I am in the case at bar, there seems to me no way to escape a decree for the defendant. I have somewhat less compunction than I should otherwise have from knowing that the plaintiff can probably obtain complete relief in another tribunal. Having chosen a descriptive mark, the statute does not protect him, but on all the facts I decline to award any costs.

Decree for defendant, without costs.