## PARMELE PHARMACAL CO. v. WEINER.

(District Court, S. D. New York. February 4, 1924.)

1. **Trade-marks and trade-names and unfair competition ⊜3(4) — Word "Aseptikons," applied to vaginal suppositories, held descriptive, and not valid trade-mark.**

Word "Aseptikons," applied to vaginal suppositories, *held* descriptive, in indicating article free from disease germs, and not valid trade-mark.

2. **Trade-marks and trade-names and unfair competition ⊜3(4)—Word "Quinseptikons," applied to vaginal suppositories, held arbitrary word, and valid trade-mark.**

Word "Quinseptikons," applied to vaginal suppositories composed of quinine, *held* arbitrary word, with no descriptive quality sufficient to prevent its use as trade-mark.

3. **Trade-marks and trade-names and unfair competition ⊜59(5) — Defendant's trade-mark, "Quinseptikons," held not infringed by complainant's mark, "Aseptikons."**

Defendant's trade-mark, "Quinseptikons," applied to vaginal suppositories, *held* not infringed by complainant's name "Aseptikons," applied to similar article, which, being descriptive, may be used by any one, unless so used as to cause confusion.

Affirmed in 5 F.(2d) 751.

Prindle, Wright & Small, of New York City (Edwin J. Prindle and Kenneth S. Neal, both of New York City, of counsel), for complainant.

Walter H. Pumphrey, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is a suit to restrain infringement of complainant's trade-mark, "Aseptikons," registered June 20, 1911, upon an application filed February 6, 1911. The defendant re-

lies upon the prior use of the trade-mark "Quinseptikons," registered February 20, 1923, on an application filed April 17, 1922. The certificate of registration of the latter trade-mark states as the date of defendant's adoption and first use of the mark the year 1903.

The defense is prior use, and the answer in a counterclaim prays for an injunction against the complainant, based upon the alleged priority of defendant's mark, and infringement by reason of the employment by complainant of a similar trade-mark.

[1] Each party also asserts for a cause of action against the other in bill or counterclaim for unfair trade. Diverse citizenship is alleged, so that a cause of action might lie, even if a technical trade-mark could not be established. Each of these trade-marks was used in connection with the sale of vaginal suppositories. In my opinion, "Aseptikons" is a descriptive word, that cannot be used as a trade-mark. The decision of the Circuit Court of Appeals of the Second Circuit in Thermogene Co. v. Thermozine Co., 234 F. 69, 48 C. C. A. 85, seems conclusive. "Aseptikons" is in a sense a coined word, yet it plainly denotes to the ordinary man an article free from disease germs. If it be given the meaning of the Greek word with an adjective suffix, but rather that suggested by the defendant of "Asepticon Cones," its descriptive character is still more plain. Being of that character, it does not lose its quality and become arbitrary by being misspelled. Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 455, 31 S. Ct. 456, 55 L. Ed. 536.

[2, 3] The word "Quinseptikons" is in a different category. It is said by the defendant to have been given because the suppositories which he compounded had quinine as an ingredient and were aseptic in character. The prefix "quin," however, affords no indication that quinine is an ingredient. It might be an abbreviation for the Latin word quinque (five) or for quinine, or might be a mere fanciful syllable. The remainder of the word "Quinseptikons," if taken literally, indicates septic, rather than aseptic, or antiseptic, pharmaceutical preparations. It may be contended that, in a long word like "Quinseptikons," the alpha privative is so naturally elided in speaking that the omission of it in writing still leaves the meaning clear, and that such meaning, in view of the subject-matter, is naturally aseptic. If this is so, and "quin" naturally refers to quinine, then the word, taken as a whole, is descriptive, and can, no more than the complainant's word, "Aseptikons," be a valid trademark. In my opinion, however, "Quinseptikons" is an arbitrary word, with no descriptive quality sufficient to prevent the use of it as a trade-mark. Whether or not it was used prior to "Aseptikons," the latter is descriptive, and may be used by any one so long as there is no confusion with complainant's goods.

There is no evidence of deception or other unfair trade. While I have carefully read the record, and considered the testimony as to the dates of adoption and use of the respective trade-names, it is unnecessary to make any finding as to these matters, since the complainant's trade-mark is invalid, and the defendant's mark is not infringed by the descriptive term "Aseptikons." The latter is not only descriptive, but quite different from the former.

The bill and counterclaim are each dismissed, without costs. Settle decree on notice.