**JELL–WELL DESSERT CO. v. JELL–X–CELL CO., Inc.**

Circuit Court of Appeals, Ninth Circuit. November 14, 1927.

No. 5173.

1. Trade-marks and trade-names and unfair competition ☞43—Trade-mark "Jell-Well" for gelatinous dessert, held incapable of registration, as descriptive (Trade-Mark Act, § 5 [15 USCA § 85]).

Registered trade-mark "Jell-Well," applied by manufacturer to gelatinous dessert, *held* invalid, as *descriptive* of a necessary quality of the product, and therefore incapable of registration under Trade-Mark Act, § 5 (15 USCA § 85).

2. Courts ☞292—Issue of unfair competition cannot be determined by federal court, whose jurisdiction was invoked on ground of infringement of registered trade-mark, which was incapable of registration (Trade-Mark Act, § 5 [15 USCA § 85]).

Federal court, whose jurisdiction is invoked because of infringement of registered trade-mark, cannot determine issue of unfair competition, where plaintiff's trade-mark was merely descriptive, and so incapable of registration, under Trade-Mark Act, § 5 (15 USCA § 85).

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by the Jell-Well Dessert Company against the Jell-X-Cell Company, Inc. From a decree for defendant (17 F.[2d] 159), plaintiff appeals. Affirmed.

Raymond Ives Blakeslee, of Los Angeles, Cal., for appellant.

Hill, Morgan & Bledsoe and Benjamin F. Bledsoe, all of Los Angeles, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal by Jell-Well Dessert Company, a corporation, from a decree dismissing its complaint after trial upon the merits. Plaintiff and defendant are California corporations. Federal jurisdiction is invoked because of the asserted infringement of the trade-mark "Jell-Well," registered in the Patent Office at Washington.

Plaintiff alleged that the trade-mark "Jell-Well" pertained to a gelatinous dessert, consisting of a gelatine base, with the addition of sugar and fruit flavors to make the dessert more palatable; that a wide market was found for the product, and a lucrative business was built up, based upon the quality of the product sold under the trade-mark stated; that, after this had been done, defendant began to manufacture and sell a similar gelatinous product, which it marketed under the alleged trade-mark "Jell-X-Cell"; that the use of *defendant's* trade-mark, together with the box in which the product was marketed, was calculated to and did deceive and mislead the public, to the damage of plaintiff. The prayer was for injunction to restrain the use of the trade-mark "Jell-X-Cell" and for damages.

Defendant, Jell-X-Cell Company, denied that plaintiff owned any trade-mark, and averred that the certificate of registration relied upon is null and void; that the purport-

ed trade-mark is purely descriptive, and could not be exclusively appropriated or registered under the Act of February 20, 1905 (33 Stat. 725 [15 USCA § 85]); that the trade-mark used by the defendant is clearly distinguishable from the mark used by the plaintiff; that the public is not misled; that defendant's product is superior to plaintiff's. Infringement and unfair competition are denied.

The court referred the case to a special master for findings of fact and recommendation for judgment. The master found that the plaintiff's trade-mark was registrable; that defendant adopted a similar mark, with intent to obtain advantage of plaintiff's advertising and reputation for the kind of goods involved, and advised decree in plaintiff's favor. Upon exceptions filed, the District Court held in substance that the word "Jell-Well" is so plainly descriptive of a natural and necessary quality of the concoction as to relieve the question of any doubt, and dismissed the complaint.

[1] The question upon which the case turns is whether or not plaintiff's trade-mark "Jell-Well" was entitled to registration under the United States Trade-Mark Act (Act Feb. 20, 1905 [Sec. 4939, U. S. R. S.]), which provides:

" * * * No mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark: * * * Provided, that no mark which consists merely in the name of an individual, * * * or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act." Barnes' Fed. Code, § 8994 (15 USCA § 85).

Many cases might be cited in support of the principle, sustained by the Supreme Court as founded on reason and authority, that there can be no appropriation of a name which is descriptive of an article of trade, its qualities or ingredients, or any word, letters, or symbols which others may employ with equal truth, and as a consequence have an equal right to use for the same purpose. Canal Co. v. Clark, 13 Wall. (80 U. S.) 311, 20 L. Ed. 581; Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536.

Application of the principle to the facts of the present case, though not very simple,

leads to an affirmance of the decree. The commodities manufactured and sold by plaintiff and defendant are for making desserts. They are a powder made from a gelatine base, which is flavored, and after preparation can be used as an article of diet. Gelatine, made from bones and tissues of animals, is made into a powder, to which hot water is added to dissolve the powder; then the mixture is set to cool, and in a short time develops into a jelly. As the jellied substance must be attractive to the eye and taste, it is, of course, necessary that the gelatine used must jell well; that is, it must be of sufficient firmness to present an attractive appearance. Plainly, therefore, a very necessary quality of the gelatinous dessert product is that it shall jell well, and it is that particular quality that is described in the word "Jell-Well."

We cannot regard "Jell-Well" as a fanciful or arbitrary term. Plaintiff itself gave to the words their intended meaning, by its advertisements containing this sentence: "This dessert is named Jell-Well because it always jells and jells well." Quality is denoted by the use of the words, and the meaning intended to be conveyed was made plain. Elimination of the letter s is of no special moment. Ungless, etc., Co. v. Farmers', etc., Co. (C. C. A.) 232 F. 116.

The suggestion that "Jell-Well" is primarily meaningless, is a coined word, and might be imagined to mean a well or holder, to contain material which can be used to make a jell, does not impress us. The recent case of Feil v. American Serum Co. (C. C. A. 8) 16 F.(2d) 88, cited by appellant, is easily distinguished. There the word "Wormix," held by the court to be capable of use as a trade-mark, was regarded as a new word, which to others than the plaintiff "had no meaning, was unintelligible, and conveyed no information" regarding the remedy involved, or its ingredients or object. "Cuticura soap" and "Ceresota flour" illustrate fanciful, invented terms. Potter Drug & Chemical Co. v. Miller (C. C.) 75 F. 656; N. W. Con. M. Co. v. Mauser et al. (C. C.) 162 F. 1004. We regard the word "Jell-Well" as primarily descriptive; hence it cannot be withdrawn from public use by adoption as a trade-mark. Computing Scale Co. v. Standard Computing Scale Co. (C. C. A.) 118 F. 965; Franklin Knitting Mills v. Fashionit Sweater Mills (D. C.) 297 F. 247; Nims on Trade-Marks, p. 392; Vacuum Oil Co. v. Climax (C. C. A.) 120 F. 254.

[2] In view of our conclusion that plaintiff has no lawfully registered trade-mark, jurisdiction to proceed to decide the issue of unfair competition cannot be maintained. Leschen & Sons v. Broderick, etc., 201 U. S. 168, 26 S. Ct. 425, 50 L. Ed. 710.

The decree is affirmed.